CROMER v. HENRY.

4-6550                                    157 S. W. 2d 507

Opinion delivered January 12, 1942.

C. R. Starbird, for appellant.

Jonah Yates, for appellee.

GREENHAW, J. This case originated in the justice of peace court in Franklin county. The appellant was engaged in the sawmill business, and the appellee entered into a contract to haul logs for the appellant. The appellee and George Battles filed a joint affidavit in the justice court alleging that the appellant was indebted to them in the sum of $94.70 for hauling logs from the Huggins land to appellant's mill. Upon trial in the

justice court a verdict was returned in favor of the appellee and George Battles against the appellant for the sum of $85, upon which judgment was entered and from which an appeal was taken to the circuit court.

The appellant filed an answer in the circuit court admitting the contract, and alleging compliance with its terms and payments of all amounts due thereunder, and pleading accord and satisfaction. He also contended that the suit was prematurely brought. The case was tried before a jury in the Franklin circuit court, and after hearing the evidence and the instructions of the court the jury returned a verdict in favor of the appellee, Albert Henry, against the appellant for the sum of $85.59, and at the same time found in favor of the appellant upon the claim of George Battles.

A motion for a new trial was filed and overruled, from which is this appeal.

The appellant contends that this suit was prematurely filed. We have carefully examined the record in this case, and are unable to agree with this contention of the appellant, for the reason that the evidence shows that the appellant had requested the return of his teams, which no doubt resulted in the termination of the contract with the appellee, preventing any further hauling of logs by appellee, and that thereafter a demand was made for payment and refused before the suit was filed.

The appellant further contends that he issued a check for $30 to the appellee in January, 1940, which had a notation on the bottom thereof "In full for mule and logging deal," and that a receipt at the same time was executed by the appellee for the $30 payment which contained the words "On logging and mule deal." It was the contention of the appellee that this $30 payment had nothing whatever to do with the amount the appellant owed the appellee for hauling logs. Appellee testified that he and George Battles used two teams belonging to the appellant in hauling logs for the appellant, pursuant to the contract made between the appellant and appellee; that on account of bad weather which lasted about 30 days the appellee and George Battles were unable to use

the team and haul logs, but during that time they had to feed and care- for the teams of the appellant. The appellant apparently wanted the teams returned to him, and the appellee and also George Battles testified that the $30 which was paid to appellee by appellant was only for feed and care of the teams during the bad weather when they were not in use.

This controversy between the appellant and appellee as to whether the $30 payment was in full settlement of the amount due the appellee by the appellant and therefore an accord and satisfaction, or whether it was only in payment for feed and care of the teams during the bad weather, was a disputed question of fact which was submitted to the jury under proper instructions of the court. The court instructed the jury as follows:

"You are further instructed that although you may find from the evidence that the defendant was indebted to Albert Henry for the cutting and hauling of the logs in question, yet if you find that the defendant, Albert Henry, executed a receipt in full satisfaction thereof for the sum of $30 paid him by the defendant, it would constitute an accord and satisfaction of such obligation, and your verdict must be for the defendant."

The above instruction in our opinion properly submitted to the jury the question of accord and satisfaction raised by the appellant. In the case of *Cypress Drainage District of Perry and Conway Counties* v. *Blair,* 156 Ark. 130, 245 S. W. 310, this court said: "While testimony on behalf of the appellant tended to prove that the check was given to the appellee with the understanding that it was in full payment of the balance due him, and accepted as such, the testimony of the appellee was to the contrary. This made the issue for the jury. The check standing alone, did not evidence a contract between the parties, and parol testimony was competent on the issue as to whether or not it was a contract of accord and satisfaction between the parties. That issue was submitted to the jury under correct instructions, in harmony with the rule as announced by this court in *O'Leary* v. *Keith,* 134 Ark. 36, 203 S. W. 38, and cases there cited."

We think under the facts and circumstances in evidence that the question of whether the $30 check and the receipt executed therefor constituted an accord and satisfaction, as contended by the appellant, was a question of fact for the determination of a jury. The evidence surrounding the execution, delivery and acceptance of the check and receipt was conflicting. The appellant contended the $30 payment was in full settlement of everything he owed the appellee. The appellee contended the $30 payment was only for feed and care of the teams belonging to the appellant. The juries, both in the justice court and in the circuit court, found these issues in favor of the appellee.

Finding no error, the judgment is affirmed.