SHARP *v.* SONENBLICK & SKLAN.

4-8546                                             212 S. W. 2d 18

Opinion delivered June 14, 1948.

*Harvey L. Joyce* and *Glen Wing,* for appellant.

ROBINS, J. Appellant, a produce dealer of Springdale, sued appellees, engaged in the same business at Chicago, for $685.15, balance alleged due on a truck load of poultry. Service of process was obtained by garnishment proceedings against funds of appellees in a bank in Springdale.

Appellees denied any indebtedness to appellant, asserting that a certain check for $2,710, sent to appellant by appellees and cashed by appellant, was in full settlement of the asserted claim of appellant.

The cause was tried to a jury. At the conclusion of all the testimony the court, concluding that tender of said check by appellees, and cashing thereof by appellant, constituted an accord and satisfaction, peremptorily instructed the jury to return a verdict in favor of appellees.

From judgment in accordance with the verdict this appeal is prosecuted.

This fact situation was shown by the testimony:

On January 18, 1947, a contract, by long-distance telephone conversation, was entered into, under which appellant sold and agreed to deliver to appellees at Chicago a truck load of "broilers." The price on one grade of poultry was to be 32 cents a pound and on the other grade it was to be 30 cents a pound. The chickens were transported in appellant's truck, driven by his employee, Virgil Parker. The truck left Springdale on January 19th, arrived at Chicago about midnight on January 21st, and was unloaded at the dock of appellees the following morning.

The poultry was, before being unloaded, examined by an inspector for the "Chicago Poultry Board," who issued a certificate stating that the "health condition," as well as the "feed condition," of the birds was "O.K."

About an hour and a half was consumed in unloading and weighing at appellees' warehouse. During this time one of the appellees was present and examined the chickens. Appellant's driver checked the weights with appellees. Only the live birds were weighed. There were about six dead birds in the shipment. It appeared that approximately that number usually die on a trip of this distance.

After the chickens were received and weighed appellees' bookkeeper made out a check for $3,395.15, payable to appellant, and drawn on a Chicago bank. Appellant's driver protested that the price at which the amount due for the poultry was calculated was one cent per pound less than the price agreed on, but finally accepted the check and brought it back to appellant. Appellant endorsed the check and deposited it for collection.

About a week later appellant was notified that payment on the check had been stopped. Up to that time, according to appellant's testimony, no complaint had been made by appellees as to the condition of the poultry.

According to the testimony of Sklan, one of the appellees, the day after the chickens were delivered it was found that two-thirds of the chickens had died from exposure to cold weather on the trip, and he called appellant over the telephone and made complaint about the poultry, and appellees stopped payment of the check. Sklan also testified that about a week later Sharp called up over the telephone and in the conversation it was agreed that appellant would accept $2,710 in settlement of the matter and that, in pursuance of the agreement, check for that amount was sent appellant, who cashed it.

Appellant denied that he had had such conversation with appellees. Gobble, appellant's manager, stated that he had a conversation with Sonenblick about the check for $2,710. He testified that they did not tell him and he did not know that the check was in full payment of the account and that he did not say that he was so accepting it. On the contrary, according to his testimony, he told Sonenblick he would "get the rest of it some way."

The check for $2,710 contained no notation to the effect that it was in full settlement of the claim, and no letter of transmittal was sent with it by appellees.

In testing the correctness of a court's action in peremptorily instructing a jury, the evidence adduced must be given its strongest probative force in favor of the party against whom such instruction is given. *Barrentine* v. *Henry Wrape Co.*, 120 Ark. 206, 179 S. W. 328.

When all the testimony is considered in the light most favorable to appellant, we conclude that there was made a jury question as to whether the $2,710 was tendered and accepted in full settlement of the amount due for the poultry.

In the case of *O'Leary* v. *Keith*, 134 Ark. 36, 203 S. W. 38, it was shown that appellant, who had purchased eight cars of apples, in remitting therefor, made a deduction of fifty cents a barrel (on six cars) from the purchase price, on account of alleged inferior quality. Appellee cashed the checks sent him by appellant and sued for the balance. Appellant sought, in that case, to show

that acceptance of the checks amounted to an accord and satisfaction, and that he was entitled to a peremptory instruction. But we said in that case: "The court was not warranted in instructing the jury as a matter of law that the undisputed evidence, in the instant case, constituted a complete accord and satisfaction. It was an issue for the jury under the evidence as to whether the payment made by the appellant and accepted by appellee constituted an accord and satisfaction." Like holdings were made in these cases: *Collier Com. Co.* v. *Wright,* 165 Ark. 338, 264 S. W. 942; *Cromer* v. *Henry,* 203 Ark. 497, 157 S. W. 2d 507; *Yarbrough* v. *Alston,* 208 Ark. 1106, 188 S. W. 2d 621.

Other rulings of the lower court were complained of in appellant's motion for new trial; but the only error urged in appellant's brief, and, hence, the only assignment considered here is the action of the lower court in instructing the jury to return a verdict in favor of appellees.

For the error of the lower court in giving the peremptory instruction in favor of appellees the judgment is reversed and the cause remanded to the lower court with directions to grant appellant a new trial.