HARRISON v. STATE FARM MUTUAL INSURANCE CO.

5-1840                                        326 S. W. 2d 803

Opinion delivered May 18, 1959.

[Rehearing denied September 7, 1959]

*William I. Prewett* and *Melvin E. Mayfield,* for appellant.

*Mahony & Yocum,* for appellee.

JIM JOHNSON, Associate Justice. Appellant, Aubra Harrison, filed this suit to recover from appellee, State

Farm Mutual Insurance Company, on an insurance policy providing for collision coverage on a pickup truck owned by appellant.

The policy contained the following cancellation provisions:

"*Cancellation.* The named insured may cancel this policy by mailing to the company written notice stating when thereafter such cancellation shall be effective.

"The company may cancel this policy by written notice, addressed to the insured named in the declarations and mailed to the address shown therein, stating when not less than ten days thereafter cancellation shall be effective. Such notice of cancellation shall be sufficient notwithstanding the death of the insured named in the declarations.

"The mailing of the notice shall be sufficient proof of notice and the effective date and hour of cancellation stated therein shall become the end of the policy period. Delivery of written notice shall be equivalent to mailing.

"If the named insured cancels, earned premiums shall be computed in accordance with the company's short rate table and procedures. If the company cancels, earned premiums shall be computed *pro rata.* Premium adjustment may be made at the time cancellation is effected or as soon as practicable thereafter, but the payment or tender of unearned premiums is not a condition of cancellation."

Appellee contended that the policy had been cancelled by mailing a notice of cancellation addressed to appellant. At the conclusion of all the evidence in the case the trial court granted appellee a directed verdict. Hence this appeal.

For reversal appellant urged three points, two of which we do not here reach because of the conclusion hereafter set out. Appellant contended that "Under all the evidence in this case, the question of whether a no-

tice of cancellation had been mailed should have been submitted to the jury.''

Appellee sought to prove that a notice of cancellation had been mailed by the testimony of Robert C. Schoenburn, an employee in appellee's office at Murfreesboro, Tennessee. He testified by deposition taken on interrogatories and on cross-interrogatories and admitted that his testimony was not based on his own personal knowledge but only upon an examination of the company's records. Mr. Schoenburn testified as follows:

''Our method of cancellation is by sending written notice to the insured. When a written notice is sent we make copies at the same time we make the original for the purpose of completing our file. Attached hereto and made Exhibit No. 1, to these interrogatories is the copy of the cancellation notice mailed to Mr. Aubra Harrison, 307 West Hillsboro, El Dorado, Arkansas. When a cancellation notice is mailed the party who mails the notice stamps on the copy the date the original notice was mailed and the original notice does not leave his hands until it is mailed at the post office in Murfreesboro. The attached Exhibit No. 1, shows that the original cancellation notice was mailed to Mr. Harrison June 24, 1957, notifying him of the intended cancellation date of his policy of insurance which date is July 7, 1957.''

Appellant objected to this testimony as hearsay. The trial court properly overruled his objection under Act 293 of 1949, Sec. 28-928, Ark. Stats. which reads as follows:

''In any court of record of the state any writing or record, whether in the form of a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, should be admissible as evidence of such act, transaction, occurrence, or event, if made in the regular course of any business and if it was the regular course of business to make such memorandum at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. All other circumstances of the making of such writing or record, in-

cluding lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility.''

Appellant testified relative to cancellation notice as follows:

''I have never seen the cancellation notice which you hand me and which has been introduced into evidence here. I have never seen anything like it before. I never received any kind of cancellation notice from the company. My wife, when we get the mail, takes out what is for her and puts the rest of it on the desk I have there and sometimes it gets stacked up and I go through it and see what's in it. My wife and I are the ones that handle the mail that comes to our house. She never opens anything that comes to me but puts all the mail that is addressed to me on the desk.

''I am absolutely sure that I did not receive any cancellation notice or anything about the cancellation of my insurance. I never received any mail from the insurance company from the time I received the policy until the date of the accident.''

From the testimony relative to cancellation notice, set out in the record, we are asked to say that the evidence of mailing is so strong and convincing that reasonable men could not find otherwise. We said in *W. T. Rawleigh Co.* v. *Moore,* 196 Ark. 1148, 121 S. W. 2d 106:

''Where a letter properly and sufficiently addressed and properly stamped, was mailed, there is a presumption of fact, not of law, that the letter was received by the addressee in due course of mail, which presumption ceases to exist, where the addressee denies having received the letter, whereupon it becomes a question of fact whether the letter was written or received.''

Following our rule, in determining the correctness of a trial court's directed verdict, the evidence must be viewed most favorable to the party against whom the verdict was directed and given its strongest probative

force in that party's favor. See: *Gray* v. *Magness,* 200 Ark. 163, 138 S. W. 2d 73, *Sharp* v. *Sonenblick & Sklan,* 213 Ark. 649, 212 S. W. 2d 18. We cannot say from the evidence presented that this was not a question for the jury.

Therefore, the judgment is accordingly reversed and the cause remanded for further proceedings.