## Clifford McANALLY and Staci Douglas *v.* FARM BUREAU INSURANCE COMPANY

91-73                                      817 S.W.2d 204

### Supreme Court of Arkansas
### Opinion delivered October 28, 1991

*Jim Petty* and *Art Anderson*, for appellants.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts P.A.*, by: *Sam Laser* and *Brian Allen Brown*, for appellee

JACK HOLT, JR., Chief Justice. This case involves whether the trial court properly granted summary judgment in favor of the appellee, Farm Bureau Insurance Company (Farm Bureau).

The underlying facts of this case show that on October 29, 1988, Lloyd Douglas was driving a car owned by his step-father, Jeff Baker, who was a passenger in the car at the time of the incident. Both men were intoxicated.

Messrs. Douglas and Baker encountered the appellants, Clifford McAnally and Staci Douglas (Lloyd Douglas's estranged wife), in Ms. Douglas's car. The Douglas's daughter was in the car with Mr. McAnally and Ms. Douglas. Mr. Douglas got out of Mr. Baker's car and approached his wife's car. He then ostensibly attempted to slap his wife and remove his daughter from his wife's car, at which time Ms. Douglas and Mr. McAnally drove away. Mr. Douglas returned to Mr. Baker's car and tried to overtake them in a high-speed chase during which time Mr. Douglas fired a pistol. Ms. Douglas's car left the road and overturned, resulting in injury to the occupants.

Farm Bureau filed a declaratory judgment action against Messrs. Baker and Douglas, Mr. McAnally, Ms. Douglas, and other parties who were in Ms. Douglas's car at the time of this incident seeking a declaration that insurance coverage did not exist because its policy specifically excluded damage caused by intentional acts.

Mr. Baker filed a motion for summary judgment, after which Farm Bureau and Mr. McAnally and Ms. Douglas also filed motions for summary judgment. All of these motions were denied by the trial court because disputed issues of fact existed. Mr. Douglas and the other named parties failed to file an answer, and a default judgment was entered against them.

Farm Bureau then amended its complaint to allege that the occurrence did not arise out of the "ownership, maintenance, or use" of Mr. Baker's automobile, as required by the insurance policy, and added theories of joint venture and agency to impute Mr. Douglas's actions to Ms. Baker.

Again, Farm Bureau and Mr. Baker filed motions for summary judgment. The trial court denied Mr. Baker's motion for summary judgment, but granted that of Farm Bureau stating:

\*     \*     \*     \*

4.     The intentional act of Lloyd Daniel Douglas in pointing a gun at the vehicle driven by Duree Hodges and firing said gun at or near said vehicle was the proximate cause of said vehicle leaving the road and overturning as a result of which some of the occupants of said vehicle were allegedly injured.

5.   Said occurrence did not arise out of the ownership, maintenance, or use of the insured vehicle.

6.   Therefore, there exists no coverage for Baker for this occurrence, under Plaintiff's policy of insurance issued to Baker, and there is no duty on Plaintiff to defend Baker . . . nor is there any obligation on the part of Plaintiff to pay any judgment rendered against Baker therein.

* * * *

Mr. McAnally and Ms. Douglas appeal and assert three points of error: 1) that the trial court erred in granting summary judgment in favor of Farm Bureau, 2) that the trial court erred in failing to grant summary judgment in favor of them and Mr. Baker, and 3) that the trial court erred in granting summary judgment to Farm Bureau as to a disputed issue of fact.

The appellant's first and third arguments on appeal both assert that the trial court erred in granting summary judgment in favor of Farm Bureau.

In *Register* v. *Oaklawn Jockey Club, Inc.*, 306 Ark. 318, 811 S.W.2d 315 (1991) (citing *Rickenbacker* v. *Wal-Mart Stores, Inc.*, 302 Ark. 119, 788 S.W.2d 474 (1990)), we noted that Ark. R. Civ. P. 56 provides that summary judgment is appropriate where the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact. On appeal, in determining whether there is an issue of fact, the proof is viewed most favorably to the party resisting the motion, with all doubts and inferences resolved against the moving party. The burden of proving that there is no genuine issue of material fact rests with the party moving for summary judgment.

In this case, the issue is whether the actions of Mr. Baker, the named insured under Farm Bureau's insurance policy, preclude coverage under his policy. Farm Bureau's policy apparently provides that it covers "bodily injury and property damage . . . caused by an accident" but excludes "bodily injury or property damage caused by [the expected or unexpected results of] intentional acts."

Essentially, Farm Bureau attempts to preclude coverage by asserting imputed liability and agency theories against Mr. Baker; Mr. Baker, however, refutes these claims and argues negligent entrustment of his automobile to Mr. Douglas. Also, whether this incident and resulting injuries occurred as the result of the discharge of the gun during the chase or the manner in which the automobile was driven is another matter contested by the parties. Consequently, there are genuine issues of material fact still in dispute, and the trial court's granting of summary

judgment was in error.

█ With regard to the appellants' argument that the trial court erred in failing to grant summary judgment in their favor, we will not consider the matter since the denial of a motion for summary judgment is not subject to review on appeal, even after a trial on the merits. *McElroy* v. *Grisham*, 306 Ark. 4, 810 S.W.2d 933 (1991) (citing *Rick's Pro Drive 'N Ski Shop, Inc.* v. *Jennings-Lemmon*, 304 Ark. 671, 803 S.W.2d 934 (1991)).

Reversed and remanded.

GLAZE, J., not participating.