Clovis SWINNEY *v.* ATLANTA CASUALTY
COMPANY

CA 92-990                                         854 S.W.2d 728

Court of Appeals of Arkansas
En Banc
Opinion delivered May 19, 1993
[Rehearing denied June 9, 1993.*]

---

*Cooper, J., would grant rehearing.

*Dennis Zolper & Associates*, by: *Dennis Zolper*, for appellant.

*Barrett, Wheatley, Smith & Deacon*, by: *Lucinda McDaniel*, for appellee.

JUDITH ROGERS, Judge. This is an appeal from an order granting summary judgment in favor of Atlanta Casualty Co., appellee. On appeal, appellant contends that summary judgment was inappropriate because a genuine issue of fact existed. We find merit in appellant's argument, and reverse.

Appellant apparently obtained auto insurance on his truck on August 2, 1991, from appellee. On September 19, 1991, appellant was involved in a one-vehicle accident. He presented a claim under the policy; however, appellee denied coverage contending that the policy had been canceled effective September 18, 1991. Thereafter, appellant filed this action which resulted in appellee being granted summary judgment. Appellant contends on appeal that he did not receive notice of the cancellation. He argues that this creates a genuine issue of fact as to proof of mailing and thus contends that summary judgment was inappropriate.

The burden of proving that there is no genuine issue of material fact rests with the party moving for summary judgment. *McNally* v. *Farm Bureau Ins. Co.*, 307 Ark. 65, 817 S.W.2d 204 (1991). Once the movant makes a prima facie showing of entitlement to summary judgment, the respondent must meet proof with proof by showing a genuine issue of material fact. *Cash* v. *Carter*, 312 Ark. 41, 847 S.W.2d 18 (1993). All proof submitted must be viewed in a light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *Harvison* v. *Charles E. Davis & Assoc*, 310 Ark. 104, 835 S.W.2d 284 (1992). On appeal, we determine the appropriateness of a grant of summary judgment based on whether the evidentiary items presented in support of the motion left a material question of fact unanswered. *Cash* v. *Carter*, *supra*.

In its motion for summary judgment appellee contended that it had complied with Ark. Code Ann. § 23-89-304 (1992) by sending a notice of cancellation of insurance on August 29, 1991,

by ordinary mail to both appellant and Mercantile Bank, the lienholder, canceling coverage effective September 18, 1991. According to appellee, all that was necessary to effect cancellation of the policy was proof that the notice had been mailed.

Under Ark. Code Ann. § 23-89-304(a)(1) (1992), it states:

(a)(1) No notice of cancellation of policy to which § 23-89-303 applies, and no notice of cancellation of a policy which has been in effect less than sixty days at the time notice of cancellation is mailed or delivered, shall be effective unless mailed or delivered by the insurer to the named insured.

■ Under Ark. Code Ann. § 23-89-305 (1992) it states:

*Proof of mailing of notice of cancellation*, or of intention not to renew, or of grounds for cancellation to the named insured at the address shown in the policy shall be *sufficient proof of notice.*

(Emphasis supplied.)

In support of the motion, appellee presented an affidavit by Stacey Sewell, an employee, which stated that she directed that a notice of cancellation be mailed in compliance with Arkansas Statutes to both the appellant and the lienholder. She also noted that the notice was mailed. Attached to this affidavit was the notice of cancellation, two partial mailing lists displaying appellant's name and one displaying the lienholder's name and two "sender's statement and certificate of mailing" signed by the postmaster. Also attached to the motion was a letter, dated September 5, 1991, by Gene Griffey, appellant's insurance agent, stating that appellant's insurance was canceled effective September 18, 1991. Appellee submits that once it proved the cancellation was mailed no genuine issue of fact existed.

In response to appellee's proof of mailing, appellant submitted affidavits. In appellant's affidavit he stated the he did not receive notice of cancellation prior to his accident. Also submitted was an affidavit of Norman Leonard, an employee and officer of Mercantile Bank. In Mr. Leonard's affidavit, he stated that the only notice of cancellation received was not the alleged mailed notice from appellee or its agent, but was from General Accident

Insurance Company of America.

■■ In the case of *Harrison v. State Farm Mutual Insurance Co.*, 230 Ark. 630, 326 S.W.2d 803 (1959), the supreme court observed:

> When a letter properly addressed and stamped is shown to have been mailed, there is a presumption of fact that the letter was received by the addressee in due course; however, this presumption ceases where the addressee denies having received the letter, whereupon, it *becomes a question of fact* whether the letter was *written* or received.

*Id.* at 633, 326 S.W.2d at 805. (Emphasis added.) *See also Swink & Co. v. McEntee & McGinley, Inc.*, 266 Ark. 279, 584 S.W.2d 393 (1979). Here, appellant denied receiving notice and the lienholder also denied receiving notice from appellee. We find this created a genuine issue of fact more appropriately addressed during a trial and not dismissed on summary judgment.

Reversed and remanded.

JENNINGS, C.J., and COOPER J., dissent.

JAMES R. COOPER, Judge, dissenting. I do not disagree with the majority's statement that, as a general rule, a question of fact arises when the addressee of a letter denies having received it. However, I believe this general rule is inapplicable under Ark. Code Ann. § 23-89-305 (1992), which specifically provides that proof of mailing of notice of cancellation shall be sufficient proof of notice. In my view, the majority's opinion renders this explicit provision nugatory by requiring, in addition, proof of receipt. Today's decision, in effect, repeals the legislative enactment.

I am authorized to say that Chief Judge Jennings joins in this dissent.