ATLANTA CASUALTY COMPANY *v.* Clovis G. SWINNEY

93-645                                            868 S.W.2d 501

Supreme Court of Arkansas
Opinion delivered January 24, 1994

*Dennis Zolper*, for appellant.

*Womack, Landis, Phelps, McNeill & McDaniel*, by: *Lucinda McDaniel*, for appellee.

DAVID NEWBERN, Justice. The question we must decide is whether the Trial Court was correct in determining that proof of mailing of a notice of cancellation on an automobile liability policy was sufficient to establish notice of cancellation, as a matter of law, when the insured denies receipt of the notice. We hold the Trial Court was correct.

Mr. Swinney applied for car insurance with Atlanta Casualty Company (Atlanta) on August 2, 1991. He obtained a policy binder, number 02301813, effective August 2, 1991, through February 2, 1992. Mercantile Bank of Jonesboro (the Bank) was designated the loss payee. At some point, Atlanta determined

that Mr. Swinney did not own the car described in the policy and that the policy would have to be cancelled. The vehicle was damaged in a one vehicle accident on September 19, 1991.

Atlanta denied coverage, arguing that a notice of cancellation of the policy was issued and mailed on August 29, 1991, making cancellation effective as of September 18, 1991. In addition, the agent writing the binder informed Swinney by a "memo-letter" dated September 5, 1991, that the policy was to be cancelled and asked that he return to the agency before the cancellation date to make other arrangements for insurance. Mr. Swinney did not return to the agent or obtain other coverage prior to the accident.

Suit was filed when Atlanta denied coverage. Atlanta moved for summary judgment and presented the affidavit of Stacey Sewell, the person responsible for mailing notices of cancellation from Atlanta's home office in Norcross, Georgia. The documents accompanying that affidavit showed that on August 29, 1991, Ms. Sewell handled over 100 notices of cancellation which were mailed to individuals. Mr. Swinney's name was included in the listing for that date. Ms. Sewell also had a listing of over 100 lienholders, including the Bank. In response Mr. Swinney asserted the failure to receive notice.

The Trial Court granted the motion for summary judgment finding that because Ark. Code Ann. § 23-89-304(a)(1) and 306 (Repl. 1992) provides that proof of mailing is sufficient to constitute notice of cancellation, receipt was factually irrelevant.

The Court of Appeals reversed the Trial Court, holding that the denial of receipt by Mr. Swinney and the Bank created a remaining genuine issue of material fact, and thus summary judgment was improperly entered. Ark. R. Civ. P. 56(c). In this review, Atlanta argues the decision of the Court of Appeals is contrary to and thus effectively and improperly repeals Ark. Code Ann. § 23-89-306 (1987) and must be overturned.

The statutes clearly state the intent of the General Assembly. Arkansas Code Ann. § 23-89-304 (1987) sets out time limits on notices of cancellation, and Ark. Code Ann. § 23-89-305 (1987) provides for notices of non-renewal. Then § 23-89-306 provides:

23-89-306. Proof of mailing of notices.

Proof of mailing of notice of cancellation, or of intention not to renew, or of grounds for cancellation to the named insured at the address shown in the policy shall be sufficient proof of notice.

█ The record contains the listings of cancellations mailed, showing the correct addresses for both Swinney and Mercantile Bank. The affidavit includes a statement of the employee indicating that these items were mailed and a certification by a postal employee verifying the mailing. The documents also show that the notices were mailed in a timely fashion in compliance with § 23-89-304. Whether the notice was received by Mr. Swinney and the Bank is irrelevant according to the statute, as "[p]roof of mailing" is "sufficient proof of notice." Mr. Swinney presented no evidence to challenge the proof of mailing.

The Court of Appeals relied upon two cases. In *Harrison v. State Farm Mutual Insurance Co.*, 230 Ark. 630, 326 S.W. 2d 803 (1956), we held in a somewhat similar situation that a factual issue was presented when an insurance company employee testified that company records revealed the mailing of a notice of cancellation which the alleged insured said he had not received. That case, however, was decided some 13 years prior to the enactment of § 23-89-306, and it cannot be regarded as adequate precedent in view of the statute.

The other case relied on by the Court of Appeals is *Swink & Co.* v. *McEntee & McGinley, Inc.*, 266 Ark. 279, 584 S.W. 2d 393 (1979). While this case was decided after enactment of the statute, it is a securities case not governed by the Insurance Code of which § 23-89-306 is a part.

The holding of the Court of Appeals is reversed, and the summary judgment in favor of Atlanta is reinstated.

Reversed.

CORBIN and BROWN, JJ., concur.

ROBERT L. BROWN, Justice, concurring. The issue before us is whether proof of mailing of the notice of cancellation was so

conclusive that the issue could be decided by summary judgment as a matter of law.

The applicable statutes read that notice of cancellation is effective by mailing or delivery to the insured and that proof of mailing is sufficient proof of notice. Ark. Code Ann. §§ 23-89-304(a)(1), 23-89-305 (1987). On August 29, 1991, 116 notices of cancellation were delivered by Atlanta Casualty in one batch to the postmaster in Georgia. Those notices included one to Clovis Swinney. That same date, 105 notices were delivered to the same postmaster in a second batch which included a notice to Swinney's lienholder, Mercantile Bank of Jonesboro. The postmaster then signed a form that he "personally mailed" the notices to the insured and the lienholder and the same date signed a certificate that the 221 notices were sent by *bulk mail.*

There was no certification given by the postmaster to Atlanta Casualty that an individual letter had been sent to Swinney. There was no return receipt from Swinney following delivery of certified mail to him. Swinney signed an affidavit that he did not receive the notice. The lienholder, Mercantile Bank of Jonesboro, also denied receiving notice.

Under our statutes, what happens after mailing, including receipt of notice of cancellation, is irrelevant. Thus, the mere fact that the postmaster certifies that he mailed the notice, albeit by bulk mail, concludes the matter. This raises in my mind, however, a basic question of due process: Should an insurance company be permitted to terminate coverage without some assurance that the insured has been notified of that termination? Swinney does not make a due process argument in this appeal, and for that reason we do not address it. That issue is reserved for another day.

CORBIN, J., joins.