James E. SHOFFEY *v.* PROGRESSIVE NORTHWESTERN
INSURANCE COMPANY

CA 99-1283                                          20 S.W.3d 424

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered June 28, 2000

*Robert S. Blatt*, for appellant.

*Laser, Wilson, Bufford & Watts, P.A.*, by: *Karen J. Hughes* and *Brian A. Brown*, for appellee.

JOHN E. JENNINGS, Judge. Mrs. Olga Cusick had an automobile insurance policy issued by the appellee, Progressive Northwestern Insurance Company. On September 20, 1998, Mrs. Cusick and her husband, William, were involved in an automobile accident in which Mr. Cusick was killed and Mrs. Cusick was injured. Progressive filed suit for a declaratory judgment contending that the Cusick's policy had been canceled effective September 6, 1998. The trial court granted summary judgment in Progressive's favor and James Shoffey, administrator of the estate of Mr. Cusick, appeals. The sole issue is whether the court's decision to grant summary judgment was correct. We hold that it was and affirm.

In connection with the motion for summary judgment, Progressive provided the affidavit of Leigh Anne Steinberg, which stated:

I, Leigh Anne Steinberg, having first been duly sworn, state:

1. I am a custodian of records for Progressive Northwestern Insurance Company.

2. On July 20, 1998, Olga Cusick paid a premium of $138.73 which provided coverage through September 1, 1998.

3. Olga Cusick was billed for additional premium, but failed to pay it.

4. On August 25, 1998, Progressive Northwestern mailed cancellation notices to Olga Cusick, to Jerry's Affordable Insurance, and to the Lienholder, Sequoyah Credit, Inc. These notices specified that coverage would end and the cancellation would take effect on September 6, 1998. The notice to Olga Cusick was mailed to her at 921 Hillside Drive, Fort Smith, AR 72908-7654.

5. Since Olga Cusick had only paid a premium to cover the period through September 1, she received five days of coverage for which she had not paid a premium.

6. After cancellation on September 6, no subsequent premium was received and the policy was not reinstated.

7. In particular, the policy was not in effect on September 20, 1998, the date of the accident.

There is no dispute that Mrs. Cusick's address was 921 Hillside Drive in Fort Smith. Also attached to the motion were excerpts from a deposition of Mrs. Cusick in which she said that she was unaware that the policy had been canceled until after the accident. Mrs. Cusick testified that she never made a payment to Progressive after July 20, 1998, and to her knowledge no one else did on her behalf. She testified that she never saw a cancellation notice from Progressive but that her memory was "real bad." A notice of cancellation to Mrs. Cusick dated August 25, 1998, was submitted to the court as appellant's exhibit 1. The notice provided that cancellation would take effect on September 6 unless payment was received.

█ Arkansas Code Annotated section 23-89-306 (Repl. 1999) provides: "Proof of mailing of notice of cancellation ... to the named insured at the address shown in the policy shall be sufficient proof of notice." In *Atlanta Casualty Co. v. Swinney*, 315 Ark. 565, 868 S.W.2d 501 (1994), the supreme court held that whether the insured received the notice of cancellation was irrelevant under the statute. The court held that the trial judge was correct in granting summary judgment because the insured presented no evidence to challenge the proof of mailing.

█ Appellant attempts to distinguish *Swinney* by noting that there an insurance company employee responsible for mailing of notices of cancellation testified that the notice was sent, where as here there is no indication that the affiant, Leigh Anne Steinberg, was the person who actually mailed the notice. While we agree that this is a difference we do not regard it as critical. Mrs. Steinberg's affidavit does not state how she acquired the knowledge, but it does state on oath that the cancellation notice was mailed to Mrs. Cusick. But even if Mrs. Steinberg's knowledge was based on her position as custodian of the records for Progressive, business records

are deemed sufficiently trustworthy to be admissible as an exception to the hearsay rule. *Wildwood Contractors v. Thompson-Holloway Real Estate Agency*, 17 Ark. App. 169, 705 S.W.2d 897 (1986).

Appellant also notes that in *Swinney* there was a certification by a postal employee verifying the mailing. Again, we do not regard the lack of such a certification as controlling. Here, as in *Swinney*, there was unequivocal testimony that the notice of cancellation was sent to Mrs. Cusick. The appellee presented no evidence to contradict the proof of mailing. We conclude that the trial court's decision was correct.

Affirmed.

STROUD, HART, PITTMAN, NEAL, and GRIFFEN, JJ., agree.