Ralph JOHNSON and Nancy Johnson *v.*
ENCOMPASS INSURANCE COMPANY

03–305 130 S.W.3d 553

Supreme Court of Arkansas
Opinion delivered November 20, 2003

4

*Hamilton & Hamilton, PLLC,* by: *James A. Hamilton,* for appellants.

*Laser Law Firm,* by: *Brian A. Brown* and *Andy L. Turner,* for appellee.

W.H. "DUB" ARNOLD, Chief Justice. Appellants Ralph and Nancy Johnson bring this appeal from an order granting summary judgment in favor of appellee Encompass Insurance Company. The underlying facts of the case are that on August 18, 2001, Dusty Johnson was involved in a motor vehicle accident while he was driving the Johnsons' vehicle. After the accident, the vehicle was totaled and valued at $6,700.00. The Johnsons made a claim under what they believed was their insurance policy with Encompass for $6,700.00, less a $1,000.00 deductible.

Encompass denied the Johnsons' claim stating that they were no longer insured. Encompass contends that on or about June 6, 2001, a notice of non-renewal was mailed to the Johnsons' residence; however, the Johnsons deny ever receiving such notice. The Johnsons agree that they did receive a letter from Encompass on June 1, 2001, informing them that CNA Personal Insurance

was changing its name to Encompass Insurance Company. In that letter, the Johnsons aver that Encompass gave strong assurances about their insurance coverage.

Nine days after the policy lapsed, August 18, 2001, the accident occurred, and Encompass denied the Johnsons' coverage. Appellants filed suit against Encompass, alleging that the notice statutes, Ark. Code Ann. § 23-89-305(a) (Repl. 2000) and Ark. Code Ann. § 23-89-306 (Repl. 2000), were unconstitutional as applied to these facts. In support of this allegation, the Johnsons' argue the statutes violate their constitutional right of due process. The Johnsons argue as an alternate claim, that the letter they received from the president of Encompass gave them assurances regarding their policy which would estop Encompass from denying coverage.

The trial court granted summary judgment to Encompass, and the Johnsons filed this appeal. The Johnsons bring two points on appeal: (1) Whether the trial court erred in holding that Ark. Code Ann. § 23-89-305(a) and Ark. Code Ann. § 23-89-306 were constitutional as applied to the facts in the present case; and, (2) Whether the trial court erred in holding that, on the claim sounding in estoppel, there were no genuine issues of material fact and that appellee Encompass Insurance Company was entitled to judgment as a matter of law. We affirm.

Our standard governing the entry of summary judgment is well established. Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Spears v. City of Fordyce*, 351 Ark. 305, 92 S.W.3d 38 (2002); *Baldridge v. Cordes*, 350 Ark. 114, 85 S.W.3d 511 (2002). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, this court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Ultracuts Ltd. v. Wal-Mart Stores*, 343 Ark. 224, 33 S.W.3d 128 (2000). Summary judgment is no longer referred to as a drastic remedy. *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563. 11 S.W.3d 531 (2000).

Due process is intended to protect the individual from the arbitrary exercise of the powers of government. *Daniels v. Williams,* 474 U.S. 327, 330–331 (1986). Therefore, without state action, there is no due process issue to consider. *Jackson v. Metro. Edison, Co.,* 419 U.S. 345 (1974). Due process controls the procedures by which the state or federal government may take life, liberty, or property, and it may prevent governmental action no matter what procedures are made available. *Weimer v. Amen,* 870 F.2d 1400, 1405 (8th Cir. 1989).

Due process rights are either substantive or procedural. Substantive due process requires that legislation be rationally related to achieving a legitimate governmental purpose. *Smith v. Denton,* 320 Ark. 253, 895 S.W.2d 550 (1995). Further, a statute protects a person's right to substantive due process if it advances a compelling state interest, and it is the least restrictive method available to carry out that interest. *McGuire v. State,* 288 Ark. 388, 707 S.W.2d 360 (1986). Procedural due process guarantees that a state proceeding which results in deprivation of property is fair, while substantive due process guarantees that such state action is not arbitrary and capricious. *Licari v. Ferruzzi,* 22 F.3d 344 (1st Cir. 1994).

In the present case, the Johnsons argue that their constitutional rights of due process were violated when Encompass failed to give them actual notice of non-renewal; however, the action here was taken by an insurance company. There was no state action that would give rise to a claim of a constitutional violation against the State. The Johnsons allege that state action did occur in three ways: (1) the enactment of the statutes; (2) the use of the U.S. Mail to establish notice; and (3) the use of the court system to enforce rights under the non-renewal statute.

The Johnsons first argue that the enactment of the statutes by the state legislature was violative of their due process rights, and that the trial court erred in holding that Ark. Code Ann. § 23–89–305(a) and Ark. Code Ann. § 23–89–306 were constitutional as applied to the facts in this case. However, the Johnsons do not cite to authority on this issue. The failure to develop this point legally or factually is reason enough to affirm the trial court. *Lakeview Sch. Disct. No. 25 v. Huckabee,* 351 Ark. 31, 1 S.W.3d 472 (2002). This court has stated that it will not consider an issue if the

appellant failed to cite to any convincing legal authority in support of his argument. *Craft v. City of Fort Smith*, 335 Ark. 417, 984 S.W.2d 22 (1998).

The Johnsons next argue that the use of the mail to establish notice is state action that violates their constitutional due process rights. In support of this contention, they cite to *Atlanta Cas. Co. v. Swinney*, 315 Ark. 565, 868 S.W.2d 501 (1994) and *Tulsa Prof. Collection Serv. v. Pope*, 485 U.S. 478 (1988). Ark. Code Ann. § 23-89-306, which governs both notice of cancellation and notice of nonrenewal, states:

> Proof of mailing of notice of cancellation, or of intention not to renew, or of grounds for cancellation to the named insured at the address shown in the policy shall be sufficient proof of notice.

We have held that it is irrelevant whether or not notice is received by the insured because proof of mailing is sufficient proof of notice. *Swinney, supra.* In *Swinney*, we found:

> The record contains the listings of cancellations mailed, showing the correct addresses for both Swinney and Mercantile Bank. The affidavit includes a statement of the employee indicating that these items were mailed and a certification by a postal employee verifying the mailing. The documents also show that the notices were mailed in a timely fashion in compliance with 23-89-304. Whether the notice was received by Mr. Swinney and the Bank is irrelevant according to the statute, as "[p]roof of mailing" is "sufficient proof of notice." Mr. Swinney presented no evidence to challenge the proof of mailing.

*Swinney*, 315 Ark. at 567.

However, the Johnsons point to the concurrence in *Swinney*, which states:

> Under our statutes, what happens after mailing, including receipt of notice of cancellation, is irrelevant. Thus, the mere fact that the postmaster certifies that he mailed the notice, albeit by bulk mail, concludes the matter. This raises in my mind, however, a basic question of due process: Should an insurance company be permitted to terminate coverage without some assurance that the insured has been notified of that termination? Swinney does not make a due

process argument in this appeal, and for that reason we do not address it. That issue is reserved for another day.

*Swinney,* 315 Ark. at 568 (Brown, J., concurring). Here, the Johnsons argue that they have both a federal due process claim as well as a state due process claim. We disagree.

■ The Johnsons maintain that all that would be necessary to make the statute constitutional would be to require certified mail, the cost of which could be passed on to the insureds themselves through their premiums. The Johnsons argue that because this was not done, their federal due process rights were violated. Secondly, the Johnsons argue that Encompass, by using the mail to provide alleged notice of non-renewal, created state action. Appellants cite to *Swinney, supra* and *Tulsa Prof. Collection Serv. v. Pope, supra* for the proposition that, without using the United States Mail, Encompass could have complied with the notice statute. When private parties make use of state procedures with the overt, significant assistance of state officials, state action may be found. *Swinney, supra; Tulsa Prof. Collection Servs., supra.* Therefore, the Johnsons contend, state action exists because Encompass used the mail — arguably a state delivery procedure assisted by state officials — to attempt to deprive appellants of their insurance coverage.

■■ The notice statutes regulate the procedures insurance companies must follow in order to cancel or not renew policies. Regulation of business is left to the state, and even highly regulated types of business are not sufficient to give rise to a due process claim *Jackson v. Metro Edison Co., supra.* Here, the statute provides a measure of protection to the insured by requiring notice. Even if the use of the U.S. Postal Service could be considered state action, the statute's use of regular, non-certified mail is rationally related to a governmental purpose — a way to protect insureds from cancellation of their policies with no notice. The statute's requirement of notification through the U.S. Postal Service does not, however, rise to the level of state action and no due process violation occurred when the legislature enacted this statute; nor does such a constitutional violation occur from utilizing the U.S. Mail to provide notice.

■ The Johnson's final point for state action is that Encompass utilized the courts to enforce its perceived rights. If

resorting to a court of law to settle a private dispute is sufficient to establish state action, then the whole concept of state actions becomes too broad and becomes meaningless.

 Further, there is no protected property or liberty interest which could give rise to a due process claim. A constitutionally protected property interest cannot stem from a unilateral expectation of a benefit, but arises from legitimate claims of entitlement defined by existing rules or existing understandings. *Pencak v. Concealed Weapon Licensing Board for County of St. Clair*, 872 F. Supp. 410 (E.D. Mich. 1994). Here, the Johnsons have no protected property right in any coverage beyond August 9, 2001, the day that the contract between Encompass and appellants expired. Further, the Johnsons did not pay any premiums for coverage for any period beyond the August 9, 2001, date.

 The Johnson's final argument is that trial court erred in holding that, on the claim sounding in estoppel, there were no genuine issues of material fact and that Appellee Encompass Insurance Company was entitled to judgment as a matter of law. Under *Shelter Mut. Ins. Co. v. Kennedy*, 347 Ark. 184, 60 S.W.3d 458 (2001), this court laid out four elements which are necessary to establish estoppel:

1. The party to be estopped must know the facts;

2. The party to be estopped must intend that the conduct be acted on or must act so that the party asserting estoppel had the right to believe it was so intended;

3. The party asserting estoppel must be ignorant of the facts; and

4. The party asserting estoppel must rely on other's conduct and be injured by that reliance.

*Kennedy, supra.*

The Johnsons argue that the letter, which they did receive from Encompass' president, Ernest A. Lausier, assured them that they would continue to be insured by Encompass even though the name of the insurance company would change. This letter was sent to all of its customers at the time because the insurance company had recently gone through a name change, "I assure you that our name change does not impact your policy or your relationship

with your agent." Appellants contend that they relied on this letter for assurance that their coverage would be kept.

However, the trial court correctly held that, in regard to estoppel, Encompass was entitled to summary judgment on this point. The general rule in Arkansas is that the doctrine of estoppel does not apply to extend the scope of coverage under an insurance policy, which is conceded by appellants. *Life & Cas. Ins. Co. v. Nicholson,* 246 Ark. 570, 439 S.W.2d 648 (1969). In *Peoples Protective Life Ins. v. Smith,* 257 Ark. 76, 514 S.W.2d 400 (1974), this court held:

> The doctrine of waiver or estoppel cannot be given the effect of enlarging or extending the coverage as defined in the contract, nor can it create a contract of insurance, since a cause of action cannot be based on a waiver.

> The doctrine of waiver or estoppel based upon the conduct or action of the insurer, is not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom and the application of the doctrine in this respect is to be distinguished from the waiver of, or estoppel to deny, grounds of forfeiture. That is, conditions going to the coverage or scope of the policy, as distinguished from those furnishing a ground for forfeiture, may not be waived by implication from conduct or action, without an express agreement to that effect supported by a new consideration.

> ***

> A cause of action cannot arise on the theory of estoppel. This follows from the fact that an estoppel is defensive in character. It does not create a cause of action. Its function is to preserve rights and not to bring into being a cause of action.

Here, the Johnsons received the form letter nearly two months before the policy's renewal date. This form letter simply assured all its customers that the name change of the company would not interfere with the customers' present coverage. The letter did not indicate that when any policy was up for cancellation or nonrenewal, such action would not take place. The doctrine of estoppel does not apply here.

Affirmed.

GLAZE, J., not participating.