

Cite as 2013 Ark. 398

# SUPREME COURT OF ARKANSAS

No. CV–12–875

| | |
|---|---|
| M. JAY CARTER<br><br>APPELLANT<br><br>V.<br><br>ERNIE CLINE AND KAREN CLINE<br>APPELLEES | **Opinion Delivered** October 10, 2013<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT<br>[NO. CV-06-10779]<br><br>HONORABLE JAY MOODY, JUDGE<br><br><u>AFFIRMED</u>. |

**CLIFF HOOFMAN, Associate Justice**

Appellant M. Jay Carter appeals from an order of the Pulaski County Circuit Court awarding him $42,104.06 in attorney's fees and costs against appellees, Ernie Cline and Karen Cline. We assumed jurisdiction of this appeal pursuant to Arkansas Supreme Court Rule 1-2(a)(7) as a second or subsequent appeal following an appeal that was decided by this court.

On appeal, Carter contends that (1) the circuit court erred in determining that this court's decision in *Carter v. Cline* (*Carter I*), 2011 Ark. 474, 385 S.W.3d 745, precluded recovery of fees and costs pursuant to the real estate contract; (2) the circuit court erred in refusing to award him fees and costs related to his third-party claim and fees and costs incurred by attorney James H. Carter;[1] and (3) the circuit court erred as a matter of law by reducing Carter's award of fees and costs without explanation or calculation. We affirm on all points.

---

[1]James H. Carter, who is licensed to practice law in Georgia and Louisiana, is appellant's brother.

A complete recitation of the underlying facts of this case can be found in our earlier opinion. *See Carter I, supra.* To recap, the Clines filed suit against Carter for breach of a real estate contract after he was unable to acquire financing to purchase a home owned by the Clines. Carter filed a third-party complaint against his real estate agent, Casey Jones, and Jones's employer, The Janet Jones Company, for negligence. The cases were consolidated and proceeded to trial in August 2009. The jury returned a verdict in the Clines' favor on the breach-of-contract claim and in favor of Carter on the third-party negligence claim. The Jones defendants requested and were granted a new trial on the issue of damages, and Carter appealed the breach-of-contract judgment to this court. In reversing the award to the Clines, we held that because the real estate contract contained a condition precedent—that Carter obtain financing—and because that condition was never met, there was no contract between the parties. *See Carter I, supra.*

On remand, the circuit court entered an order on March 16, 2012, dismissing with prejudice both the complaint filed by the Clines and the third-party complaint filed by Carter. On March 30, 2012, Carter filed a motion for attorney's fees and costs, requesting a total of $219,576.68 against the Clines, which represented all the legal work done on Carter's defense of the breach-of-contract suit, including the appeal, and in his pursuit of the third-party claim. In the motion, Carter asserted that he was entitled to fees and costs based on paragraph 29 of the real estate contract[2] and Arkansas Code Annotated section 16-22-308 (Repl. 1999). In

---

[2]Paragraph 29 states that "[s]hould Buyer or Seller initiate any type of . . . litigation against the other . . . it is agreed by Buyer and Seller . . . that all prevailing parties shall be

response, the Clines maintained that Carter was not entitled to fees and costs pursuant to the real estate contract or section 16-22-308 because there was no contract and that he was not entitled to fees and costs associated with his third-party complaint, his appeal, or James H. Carter's work performed prior to being admitted pro hac vice in Arkansas. Moreover, the Clines argued that Carter's request was unreasonable and that the court should exclude all of James H. Carter's fees and further reduce the amount by a third. Carter filed a reply in which he asserted that he was entitled to his fees and costs under both the contract and the statute, and he contended that his fees and costs should not be reduced for any reason.[3] The parties argued their respective positions at a hearing on June 14, 2012.

The trial court entered an order on July 3, 2012, awarding Carter $52,416.56 in fees and costs. Carter filed a timely notice of appeal from that order. Specifically, the circuit court found that Carter was not entitled to recover fees and costs pursuant to paragraph 29 of the real estate contract because this court held in *Carter I* that there was no contract; that Carter was entitled to recover fees and costs pursuant to section 16-22-308; that Carter had conceded at the hearing that section 16-22-308 does not allow recovery for fees and costs incurred on appeal; that because section 16-22-308 does not apply to tort actions, Carter was not entitled to fees and costs associated with the third-party claim for negligence; and that because

_____

entitled to an award of their respective attorney's fees and costs incurred in defense of such initiated action against the non-prevailing party."

[3]This reply was filed by Carter's in-state counsel. A little over a month later, James H. Carter filed a surreply. The circuit court clarified at the June 14 hearing that it did not rely on the surreply in making its decision.

SLIP OPINION

James H. Carter's work as co-counsel prior to the appeal of the case was duplicative and unnecessary, those fees and costs were denied as unreasonable.

On July 16, 2012, the Clines filed a motion to correct the July 3 order, arguing that the amount of James H. Carter's fees to be excluded had been miscalculated and that there was overlap that needed to be accounted for between James H. Carter's fees and what was attributable to the third-party complaint. The circuit court entered a revised order on August 13, 2012, reducing the amount of Carter's fees and costs to $42,104.06. Other than the amount of fees and costs, the original order and the revised order were nearly identical. The court found that of the $219,576.68 that Carter sought in fees and costs, $59,901.25 was attributable to the third-party claim; $38,959.25 was for fees associated with James H. Carter's representation; and $78,612.12 was for fees and costs on appeal. Carter filed a timely notice of appeal from the revised order.[4]

This court follows the American rule, which requires every litigant to bear his or her attorney's fees absent statutory authority or a contractual agreement between the parties. *See Griffen v. First Nat'l Bank of Crossett*, 318 Ark. 848, 888 S.W.2d 306 (1994); *Damron v. Univ. Estates, Phase II, Inc.*, 295 Ark. 533, 750 S.W.2d 402 (1988). Because of the circuit judge's intimate acquaintance with the trial proceedings and the quality of service rendered by the prevailing party's counsel, we usually recognize the superior perspective of the circuit judge

---

[4]Carter's notice of appeal included an appeal from several adverse rulings related to the third-party claim against the Jones defendants. However, this court granted their motion to dismiss that appeal on March 28, 2013.

SLIP OPINION

in determining whether to award attorney's fees. *Harrill & Sutter, PLLC v. Kosin*, 2011 Ark. 51, 378 S.W.3d 135. The decision to award attorney's fees and the amount to award are discretionary determinations that will be reversed only if the appellant can demonstrate that the trial court abused its discretion. *Id*. While the decision to award attorney's fees and the amount awarded are reviewed under an abuse-of-discretion standard, we review factual findings by a circuit court under a clearly erroneous standard. *Ellis v. Ark. State Highway Comm'n*, 2010 Ark. 196, 363 S.W.3d 321.

## I. *Fees & Costs Pursuant to the Contract*

For his first point on appeal, Carter argues that the circuit court erred in finding that this court's holding in *Carter I*, *supra*, precluded Carter from recovering fees and costs pursuant to paragraph 29 of the real estate contract. In particular, Carter maintains that although there was no enforceable contract to purchase real estate based on this court's prior holding, the other provisions of the contract should remain enforceable. Carter equates this case to a situation in which a contract is entered into but is subsequently rescinded or becomes unenforceable.

In *Carter I*, we held that the real estate contract at issue contained a condition precedent and that because that condition was not met, there was "no contract." 2011 Ark. 474, at 14, 385 S.W.3d at 754. As there was no contract, there could be no breach of that contract. Consequently, we concluded that Carter was entitled to judgment as a matter of law on the breach-of-contract claim. Here, the circuit court found that Carter was not entitled to fees and costs under paragraph 29 of the real estate contract because, based on our decision



in *Carter I*, there was no contract between the parties. In essence, Carter could not recover fees and costs pursuant to a contractual provision to which neither party was bound.

The law-of-the-case doctrine prohibits a court from reconsidering issues of law and fact that have already been decided on appeal. *Cadillac Cowboy, Inc. v. Jackson*, 347 Ark. 963, 69 S.W.3d 383 (2002). The doctrine provides that a decision of an appellate court establishes the law of the case for the trial upon remand and for the appellate court itself upon subsequent review. *Green v. George's Farms, Inc.*, 2011 Ark. 70, 378 S.W.3d 715. The doctrine serves to effectuate efficiency and finality in the judicial process, and its purpose is to maintain consistency and avoid reconsideration of matters once decided during the course of a single, continuing lawsuit. *Id.* The law-of-the-case doctrine requires us to adhere to our decision on the first appeal, whether it was right or wrong. *See Potter v. Easley*, 288 Ark. 133, 703 S.W.2d 442 (1986); *see also Nat'l Surety Co. v. Long*, 85 Ark. 158, 161, 107 S.W. 384, 385 (1908) ("[T]he former decision, be it right or wrong, is the law of this case, and it is not now open for the court to change the law of the case, whatever might be its views hereafter should another case arise.").

Despite Carter's arguments to the contrary, we plainly stated in *Carter I* that the "condition [precedent] was not met, and because it was not, there was *no contract*." 2011 Ark. 474, at 12, 385 S.W.3d at 753 (emphasis added). The circuit court's finding that Carter was not entitled to recover attorney's fees and costs under the contract is wholly consistent with the clear holding in *Carter I* that there was no contract. Therefore, we hold that the circuit court did not err in finding that our previous holding in *Carter I* precluded recovery under the

SLIP OPINION

specific terms of the contract and affirm on this point.

## II. *Fees & Costs Pursuant to Arkansas Code Annotated Section 16-22-308*

In his next point on appeal, Carter argues that the circuit court erred in finding that, under section 16-22-308, appellant was not entitled to recover fees and costs related to his third-party claim and those fees and costs associated with James H. Carter's representation.

### A. Third-Party Claim

First, Carter asserts that the court erred in declining to award him fees and costs associated with the filing of his third-party negligence claim against the Jones defendants. He maintains that he was forced to file the third-party claim in defense of the Clines' breach-of-contract action, that the Clines agreed to consolidate the third-party action with the breach-of-contract action for purposes of trial, and that it would have been unreasonable for Carter to wait until the breach-of-contract action was fully litigated to bring his third-party action because his claim would lapse due to the statute of limitations. Carter cites *Liles v. Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986), and *Garmon v. Mitchell*, 53 Ark. App. 10, 918 S.W.2d 201(1996), as support for his proposition that an injured party who is compelled to bring or defend an action against a third party may recover fees proximately caused by having to pursue the third-party action.

Arkansas Code Annotated section 16-22-308 provides that "[i]n any civil action to recover [for] breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs." We have held that section 16-22-308

SLIP OPINION

does not apply to tort actions. *See Mercedes-Benz Credit Corp. v. Morgan*, 312 Ark. 225, 850 S.W.2d 297 (1993); *see also Stein v. Lukas*, 308 Ark. 74, 823 S.W.2d 832 (1992). This court has consistently looked closely at the complaint, the evidence presented, and the jury's basis of recovery to determine the nature of the legal action in determining if fees can be awarded under section 16-22-308. *See Security Pac. Housing Co. v. Friddle*, 315 Ark. 178, 866 S.W.2d 375 (1993); *Wheeler Motor Co. v. Roth*, 315 Ark. 318, 867 S.W.2d 446 (1993).

The circuit court found that because section 16-22-308 did not apply to tort actions, Carter was not entitled to fees and costs associated with his third-party action. The circuit court's finding is consistent with our precedent, and we are convinced that the circuit court did not err in denying Carter's request for fees and costs associated with his third-party claim because that claim was based on the tort of negligence, not breach of contract.

To the extent Carter argues that he was entitled to recover his fees and costs for the third-party action from the Clines as an element of compensatory damages, *see Liles*, 289 Ark. at 177–78, 711 S.W.2d at 456–57, that argument was never presented to the circuit court below. A basic tenet of our appellate review is that our court will not consider arguments that were not preserved for appellate review. *Sykes v. Williams*, 373 Ark. 236, 283 S.W.3d 209 (2008). We will not do so because it is incumbent upon the parties to raise arguments initially to the circuit court and to give that court an opportunity to consider them. *Id.* Otherwise, we would be placed in the position of reversing a circuit court for reasons not addressed by that court. *Id.*

Here, after the circuit court dismissed the Clines' breach-of-contract complaint with



prejudice, Carter filed a motion against the Clines maintaining that, as the prevailing party, he was entitled to attorney's fees and costs under the contract and section 16–22–308. Carter's requested amount of fees and costs included those associated with his third-party claim. After the Clines claimed that he was not entitled to fees and costs related to the third-party claim, Carter argued that he was forced to file the third-party complaint because of the Clines' lawsuit. Although Carter consistently maintained that he was entitled to fees and costs on his third-party claim pursuant to the contractual and statutory provisions, at no time did he characterize his request as one for compensatory damages.[5] Because Carter's request for attorney's fees and costs associated with his third-party claim as "compensatory damages" is made for the first time on appeal, we cannot consider it.

## B. James H. Carter

Second, Carter contends that the court erred in declining to award him fees and costs for the work James H. Carter did on his case. Specifically, Carter claims that all of James H. Carter's work on the case, both before he was admitted to practice pro hac vice in Arkansas and after, was reasonable and necessary.

This court has often observed that there is no fixed formula in determining the reasonableness of attorney's fees. *See Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990). However, a court should be guided in that determination by the following long-recognized factors: (1) the experience and ability of the attorney; (2) the time and labor

---

[5] In fact, as the defendant in the breach–of–contract action who had not filed a counterclaim, Carter was not entitled to compensatory damages.

required to perform the service properly; (3) the amount in controversy and the result obtained in the case; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged for similar services in the local area; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client in the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney. *Id.* Due to the circuit judge's intimate acquaintance with the record and the quality of service rendered, we recognize the superior perspective of the trial judge in assessing the applicable factors. *Id.* Accordingly, the amount of the award will be reversed only if the appellant can demonstrate that the trial court abused its discretion. *Phi Kappa Tau Hous. Corp. v. Wengert*, 350 Ark. 335, 86 S.W.3d 856 (2002).

Attached to Carter's motion for fees and costs was an invoice of James H. Carter's billing for legal work in this case, which began on September 9, 2006, just prior to the Clines' filing their complaint, and continued up until September 6, 2010, just prior to the appeal in *Carter I*. In response, the Clines argued that James H. Carter should not be awarded any fees for work performed prior to July 29, 2009, when he was admitted pro hac vice in Arkansas; that much of the legal work James H. Carter performed was duplicative of Carter's in-state counsel; and that James H. Carter often ignored direct orders of the court, thereby performing unnecessary legal work.

The circuit court found that James H. Carter's representation as co-counsel for Carter was "duplicative, unnecessary, and did not contribute to Carter's defense." Thus, the court concluded that the $38,959.25 in fees associated with James H. Carter's legal work was

unreasonable. Based on a review of the record before us, our deference to the circuit court on issues involving the award of fees and costs, and the heightened standard of review, the circuit court did not abuse its discretion on this point.

### III. *Reduction of Award*

Finally, in his third assertion of error, Carter claims that the circuit court erred by reducing Carter's award from $52,416.56 to $42,104.06 without explanation or calculation. Other than citing to the standard of review, Carter makes no argument or citation to authority as to why the court's action was in error.

We have held that we will not consider an issue if the appellant has failed to cite to any convincing legal authority in support of his argument. *Johnson v. Encompass Ins. Co.*, 355 Ark. 1, 130 S.W.3d 553 (2003). We have further held that the failure to develop a point legally or factually is reason enough to affirm the circuit court. *Id.* Accordingly, because Carter failed to present this court with convincing and developed arguments on this issue, we affirm the circuit court's decision to reduce the amount of fees and costs.

Affirmed.

*Robert S. Tschiemer, P.A.*, by: *Robert S. Tschiemer*; and
*James H. Carter, Jr.*, for appellant.

*Rose Law Firm, a Professional Association*, by: *Kathryn Bennett Perkins* and *Haley Heath Burks*, for appellees.