SLIP OPINION

Cite as 2015 Ark. 243

# SUPREME COURT OF ARKANSAS

No. CV–14–618

| | |
|---|---|
| DIAMANTE, LLC | **Opinion Delivered** May 28, 2015 |
| APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CV–12–90] |
| V. | |
| GARY DYE and LINDA DYE | HONORABLE GARY M. ARNOLD, JUDGE |
| APPELLEES | REVERSED AND REMANDED. |

**JOSEPHINE LINKER HART, Associate Justice**

Diamante, LLC (Diamante) appeals an order of the Saline County Circuit Court denying its motion to compel arbitration with unnamed class members. On appeal, Diamante argues that the circuit court (1) erred in denying its motion to compel arbitration of the unnamed class members on the ground that Diamante had waived its right to arbitrate those claims; and (2) the court of appeals's finding in the first arbitration opinion that the arbitration provision in the club's bylaws is valid and enforceable as law of the case and therefore binding on the unnamed class members. The appellees have filed with this court, and we have taken as part of this case, a separate motion to dismiss this appeal. They assert that (1) this is the second appeal relating to arbitration by Diamante; the first, filed in the court of appeals, affirmed the circuit court's finding that a delay of seven months waived its right to arbitrate, and the current case involves a delay of at least ten months; and (2) a trial on the merits was completed in this case and, as of the filing of the class's motion on August

21, 2014, the parties were awaiting the circuit court's decision. Appellees contend that this appeal is either moot or frivolous. We have jurisdiction over this appeal pursuant to Arkansas Supreme Court Rule 1-2(a)7 (2014), and Arkansas Rule of Appellate Procedure–Civ. 2(a)(12) (2014).

A review of the procedural history of this case is necessary for a full understanding of the issues. Diamante operates a private-membership golf club located in Hot Springs Village. There are approximately 450 privately owned lots around the golf course and clubhouse. The lots are in two subdivisions, the Diamante Subdivision and the Diamante Villas Subdivision. Supplemental declarations of covenants and restrictions (supplemental declarations) are on file in the Saline County land records. The supplemental declarations run with the land and create certain obligations and restrictions referred to as "tie-in rights." Among those tie-in rights are requirements that lot owners become "Full Golf Members" of the Diamante Country Club (the Club); pay monthly dues to the Club; and grant Diamante a lien and foreclosure right with respect to the lot that arises in the event of failure to pay the monthly Club dues.

Initially, Gary Dye and Linda Dye were the only plaintiffs in the lawsuit. They filed a declaratory-judgment complaint on February 3, 2012, asking the circuit court to declare the tie-in rights unenforceable. On March 9, 2012, Diamante filed a motion to dismiss based on the statute of limitations. After the circuit court denied the motion, on May 21, 2012, Diamante filed its response to the Dyes' declaratory-judgment complaint.

On May 31, 2012, the Dyes moved to certify the other property owners in the

Diamante subdivision as class members. Diamante filed a response and moved that the certification be held in abeyance pending discovery concerning the proposed class.

The Dyes, still acting as individuals, amended their complaint on September 10, 2012. Nine days later, Diamante filed a response that included a motion to compel arbitration with the Dyes. On September 24, 2012, the Dyes filed a response to the motion to compel arbitration, asserting that the agreement to arbitrate was contained solely within the bylaws and not in the supplemental declarations, and therefore the agreement did not run with the land, and that, even if there was a valid agreement to arbitrate, Diamante had waived enforcement by submitting to the jurisdiction of the court to decide the controversy.

That same day, Diamante moved for a continuance of the class-certification hearing and requested that the proceedings be stayed pending a ruling on its motion to compel arbitration. On September 25, 2012, the Dyes filed a response, opposing the continuance and stay. In it, they reasserted that there was no valid agreement to arbitrate and, alternatively, if there was a valid agreement, it was waived by Diamante's participation in the lawsuit. The Dyes amended their response on October 1, 2012.

On November 14, 2012, the circuit court denied Diamante's motion to compel arbitration with the Dyes' as individual plaintiffs. It found that Diamante had waived arbitration by unnecessary delay that prejudiced the Dyes. Further, the circuit court found that there was no valid arbitration agreement. Diamante filed a notice of appeal from this order on December 7, 2012. On November 6, 2013, the court of appeals affirmed. *Diamante v. Dye*, 2013 Ark. App. 630, 430 S.W.3d 196. While it found a valid agreement

to arbitrate, it held that Diamante's delay of seven months between the filing of the original complaint and when it first moved to compel arbitration, as well as the filing of numerous motions and responses resulted in a waiver of the contractual right to arbitrate.

Meanwhile, on November 19, 2012, the Dyes amended their motion for class certification. The next day, the circuit court certified the class. Diamante filed a motion to reconsider on November 30, 2012, asserting that the class definition had changed significantly in the Dyes' amended motion to certify and that it had not been allowed adequate time to respond. After the Dyes filed their response on December 5, 2012, the circuit court granted the motion to reconsider and vacated its certification order on December 13, 2012. On December 19, 2012, Diamante filed its response to the amended–certification motion. On February 12, 2013, the circuit court granted class certification. Diamante timely filed a notice of appeal from that order on March 5, 2013. On December 5, 2013, this court affirmed the class certification. *Diamante v. Dye*, 2013 Ark. 501, 430 S.W.3d 710.

In its appeal of the class certification, Diamante argued that the circuit court abused its discretion by including members of the class who signed documents agreeing to arbitrate controversies pursuant to the Diamante bylaws. By so agreeing, Diamante contends that the claims or defenses cannot be "typical" of the claims and defenses of the appellees. Further, it asserted that it will have to determine which class members' claims are subject to arbitration, which would leave the superiority and predominance requirements unsatisfied. In affirming the circuit court, we noted that "the differences in the bylaws and Club

4

membership agreements with regard to arbitration were found by the circuit court to be of no effect on the pending litigation," and that finding was not appealed. We also noted that, at the time that the circuit court granted class certification, it had already heard and rejected Diamante's motion to compel arbitration with them as individual plaintiffs.

On June 27, 2013, the Dyes, acting now as class representatives, filed a second amended motion for declaratory judgment. Diamante responded on July 15, 2013, and listed "arbitration" as an affirmative defense. On December 5, 2013, Diamante moved for summary judgment. The class representatives filed a third amended petition for declaratory judgments a week later. On December 20, 2013, the class representatives responded to Diamante's motion for summary judgment. That same day, Diamante filed a motion to compel arbitration. In its motion, Diamante asserted that the court of appeals had determined that the arbitration agreement was valid. Diamante moved to have the proceedings stayed as to the unnamed class members and that arbitration be ordered. On December 30, 2013, the class representatives responded to Diamante's motion.

On April 25, 2014, the circuit court entered an order denying Diamante's motion to compel arbitration. The order incorporated by reference the circuit court's oral findings. Those findings are as follows:

> I have a lot of respect for Judge Gladwin, and at the risk of not running afoul of his opinion, I'm going to deny this motion based on the Respondent having waived just as it did previously. Although I will say, I do not understand Judge Gladwin's opinion.

Diamante timely filed a notice of appeal on May 5, 2014. While the appeal was pending, the circuit court conducted a trial on the merits on July 11, 2014. However, no final order

has been issued in this case.

We first consider the appellees' motion to dismiss this appeal. They asserted two main arguments in support of their motion: (1) this is the second appeal relating to arbitration by Diamante; in the first appeal, the court of appeals affirmed the circuit court's finding that a delay of seven months waived Diamante's right to compel arbitration and the current case involves a delay of at least ten months; (2) a trial on the merits was completed in this case and, as of the filing of the class's motion on August 21, 2014, the parties were awaiting the circuit court's decision. Accordingly, the appellees contend that this appeal is either moot or frivolous.

Essentially, the appellees' first point is that the court of appeals ruling in this case would be law of the case on whether Diamante waived the right to compel arbitration. The law-of-the-case doctrine prohibits a court from reconsidering issues of law and fact that have already been decided on appeal. *Carter v. Cline*, 2013 Ark. 398, 430 S.W.3d 22. The doctrine provides that a decision of an appellate court establishes the law of the case for the trial upon remand and for the appellate court itself upon subsequent review. *Id.* The purpose of the doctrine is to ensure consistency in a single continuing lawsuit and to preclude reconsideration of matters already decided. *Id.* The law-of-the-case doctrine is binding on the appellate court whether the decision in the first appeal is right or wrong. *Id.*

We note, however, that the court of appeals decision only addressed the issue of whether Diamante had waived the right to compel arbitration as to the Dyes, when the Dyes were individual plaintiffs, not the class representatives in a class action. Thus, it is not

conclusive on the issue of whether Diamante had waived arbitration as to the class members who were subsequently added to the lawsuit upon class certification. *See* Newberg on Class Actions § 7:12 (5th ed.); *see also Gregory v. Preferred Fin. Sol.*, 2013 WL 6632322 (M.D. Ga.). Accordingly, we hold that this argument does not compel dismissal of this appeal.

Regarding the appellees' second argument, essentially that the case was rendered moot by a final decision on the merits, no such ruling has been entered. Accordingly, we decline to dismiss this appeal on this basis as well.[1] We therefore consider Diamante's appeal.

We review a circuit court's order denying a motion to compel arbitration de novo on the record. *Bigge Crane & Rigging Co. v. Entergy Ark.*, Inc., 2015 Ark. 58, ___ S.W.3d ____. While we are mindful of the court of appeals decision that there was a valid arbitration agreement between Diamante and the Dyes, that ruling does not apply to the subsequent motion to compel arbitration as to the unnamed class members. *See* Newberg on Class Actions § 7:12 (5th ed.). Looking solely at the circuit court's findings, quoted above, we concluded that there is no clear ruling by the circuit court on this issue relative to the unnamed class members.

---

[1] It does raise an interesting question: Could Diamante's appeal of a motion to compel arbitration survive a decision on the merits by the circuit court? Diamante cites *Britton v. Co-op Banking Group*, 916 F.2d 1405 (9th Cir. 1990), as support for the proposition that it does. However, *Britton* is distinguishable. There, one of the defendants in a securities-fraud suit moved to compel arbitration. His requested stay was denied. He subsequently failed to comply with discovery requests, and the trial court entered a default judgment against him as a sanction. The primary issue there, and in other cases discussing *Britton* centered on whether district-court proceedings were stayed pending appeal of the denial of a motion to compel arbitration. In the case before this court, the issue of whether proceedings were stayed pending the appeal was not raised or contested by any party.

In *Bank of the Ozarks v. Walker*, 2014 Ark. 223, 434 S.W.3d 357, we held that before we can consider whether a circuit court's order concerning the grant or denial of a motion to arbitrate on the basis of a contract defense, the order must first expressly find that there was a valid agreement to arbitrate. When no such findings are made, we reverse and remand the case to the circuit court to make those findings. *Id.*, *see GGNSC Holdings, LLC v. Chappel*, 2014 Ark. 545, 453 S.W.3d 645. We therefore reverse and remand this case to the circuit court to rule on whether there was a valid agreement to arbitrate between Diamante and the unnamed class members.

Reversed and remanded.

Special Justice DAVID STERLING joins.

Special Justice PAUL BYRD dissents.

DANIELSON and WOOD, JJ., not participating.

**Special Justice PAUL BYRD dissenting.** This case is an example of what is happening around the country from the United States Supreme Court's rulings on the enforcement of arbitration agreements under federal law. Courts everywhere are trying to reason through the legal morass of class action law when confronted with arbitration agreements. This issue will not go away any time in the near future unless and until Congress makes changes to the forced arbitration requirements.

In the instant case, there are approximately 450 purchasers of land on a golf course whose original contracts did not contain an arbitration clause but had a provision that the purchasers would be subject to by-laws of the golf course even as amended in the future.

After the original purchase agreement, the by-laws were amended to contain an arbitration clause. The underlying lawsuit is for the most part a declaratory judgment action to declare whether the appellants can enforce the contractual tie-in rights under the original purchase agreements.

There have been at least three appeals in this matter and more to come because of the arbitration issues interacting in the class action realm. Since the Arkansas Rules of Appellate procedure require that a motion to compel arbitration allows an interlocutory appeal, this case was appealed to the Arkansas Court of Appeals when the trial court denied a motion to require the individual class representatives to arbitrate their claims. *Diamante, LLC v. Dye*, 2013 Ark. App. 630, 430 S.W.3d 196.

Further, since the Arkansas Rules allow an interlocutory appeal when a class action is certified, there was an additional appeal in this matter to the Arkansas Supreme Court where this court affirmed that the class certification should stand. *Diamante, LLC v. Dye*, 2013 Ark. 501, 430 S.W. 3d 710.

Now, under the argument that the arbitration agreements could not be enforced against the unnamed class representatives until the class action was certified, the Appellant moved the trial court to compel arbitration for the unnamed class members and has again appealed this case for the third time since an interlocutory appeal is allowed for a denial of a motion to compel arbitration.

The bottom line in this case is this—if the Appellant obtains the relief that it desires on the motion to compel arbitration of the unnamed class members, all of the class members

other than the class representatives will be required to arbitrate and there will be no class action even though it has already been certified as a class action. In fact, the Appellant has requested below in its Motion to Compel Arbitration against the unnamed class members that the trial court rule that even the arbitration cannot be handled as a class arbitration.

The practical effect of this appeal is that the Appellant is obtaining a second chance to challenge the typicality of the class representatives, and the superiority of the class. The issue of whether the class representatives would not be typical of the rest of the class members if the class representatives were no longer required to be bound to arbitrate could have been raised at the class certification proceedings.

Both issues, typicality and superiority, have not only already been dealt with at the class certification phase but in fact under Rule 23 these issues must be dealt with at the class certification proceeding. One of the main policy reasons for class actions is that "[m]any courts have held that class actions are superior to a potential flood of duplicative individual lawsuits on efficiency ground." Newberg on Class Actions, Sec. 4:67 (5th ed.)

One of the prime objectives of arbitration is to achieve "streamlined proceedings and expeditious results." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 633, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985); *see also Allied–Bruce Terminix Cos.*, 513 U.S., at 278; *Southland Corp.*, 465 U.S., at 7, 104 S.Ct. 852. Arbitrations for the 450 individual land owners is not as streamlined nor expeditious as a class action which has already been certified.

Three to four appeals on a case is not streamlined nor expeditious. I would affirm the

trial court as the issues on whether a class action is the most efficient manner (i.e. superiority) and whether the class representatives claims are typical of the class members as these issues have already been appealed and affirmed.

*Rose Law Firm, a Professional Association*, by: *Richard T. Donovan* and *Betsy Turner-Fry*; and *McMillan, McCorkle, Curry & Bennington, LLP*, by: *Philip McCorkle*, for appellant.

*Terry P. Diggs, Lawyer, P.A.*, by: *Terry P. Diggs*, for appellees.