Courtney Hudson Goodson, Justice, concurring. I concur in the decision to affirm on the preemption issue. I write separately because my reasoning for doing so is different from that expressed in the majority’s opinion. In my view, consideration of this issue is barred by the law-of-the-case doctrine. Therefore, any discussion of the merits of this question is completely unwarranted. Previously, and in the course of this same lawsuit, the Union filed a motion to dissolve the preliminary injunction entered by the circuit court. In this motion, it argued that the circuit court was required to rescind the preliminary injunction and to dismiss the case on the ground that the circuit court lacked subject-matter jurisdiction because Walmart’s claim of common-law trespass was preempted by the NLRA. In response, Walmart asserted that the Union was judicially estopped from challenging the preliminary injunction, and it also argued that the preemption argument was without merit. The circuit court denied the Union’s motion based on both grounds advanced by Walmart. The Union appealed the circuit court’s decision, as is permitted by Rule 2(a)(6) of the Arkansas Rules of Appellate Procedure-Civil. Its sole point for reversal was the contention that the NLRA preempted Walmart’s trespass claim. This court affirmed the circuit court’s ruling in its entirety. United Food & Commercial Workers Int’l v. Wal-Mart Stores, Inc., 2014 Ark. 517, 451 S.W.3d 584. We upheld the circuit court’s order because the Union had not contested the court’s ruling on judicial estoppel, which was an alternative basis for its denial of the Union’s motion. In so holding, this court applied the familiar rule 11sthat when a circuit court bases its decision on more than one independent ground, and the appealing party challenges fewer than all of those grounds on appeal, we affirm without addressing any of the grounds. See id. This is a matter of common sense. When a party does not challenge all of the independent rulings, there can be no reversible error, even if we find merit in' the issue that is raised on appeal. This is so because, without challenge, those independent reasons underlying the circuit court’s decision alone provide a basis for upholding the decision. On remand, and despite our affirmance, the Union continued to argue that preemption bars this lawsuit. Once again, the circuit court rejected this argument. Now, in this appeal, and for a second time, the Union advances this argument for reversal, However, the doctrine of law of the case prohibits a court from reconsidering issues of law or fact that have already been decided on appeal. Green v. George’s Farms, Inc., 2011 Ark. 70, 378 S.W.3d 715. The doctrine provides that a decision of an appellate court establishes the law of the case for trial upon remand and for the appellate court itself upon subsequent review. Diamante, LLC v. Dye, 2015 Ark. 243, 464 S.W.3d 459. The doctrine serves to effectuate efficiency and finality in the judicial process, and its purpose is to maintain consistency and to avoid reconsideration of matters once decided during the course of a single, continuing lawsuit. Carter v. Cline, 2013 Ark. 398, 430 S.W.3d 22. The law-of-the-case doctrine specifically provides that in a second appeal, the decision of the first appeal is conclusive of every question of law or fact decided in the former appeal and also of those questions that might have been, but were not, presented. Kelly v. Kelly, 2014 Ark. 543, 453 S.W.3d 655. The doctrine is binding on the appellate court whether the decision in the | ufirst appeal is right or wrong. Diamante, supra. This court and our court of appeals have recognized that the doctrine applies to issues concerning subject-matter jurisdiction. R.K. Enters., LLC v. Pro-Comp Mgmt., Inc., 372 Ark. 199, 272 S.W.3d 85 (2008). In R.K., we stated, Nationwide posits that subject-matter jurisdiction can be raised more than once. We disagree. Once that issue has been decided by this court, it cannot be raised again. Were this not the case regarding issues raised about subject-matter jurisdiction, this court could be called upon to decide the same issue multiple times. This we will not do. Id. at 204, 272 S.W.3d at 88. In this case, and prior to the first appeal, the preemption issue was raised, developed, and ruled on by the circuit court. Thus, the question was ripe for consideration on appeal, and this court affirmed because the Union had failed to demonstrate reversible error. Thus, there was an adjudication of the matter in the first appeal. Consequently, when the case returned to the circuit court, that court was not at liberty to revisit the issue in light of our affirmance. In this second appeal, we are also bound by our previous opinion upholding the circuit court’s ruling, and we should not consider the issue anew. For this reason, I concur in the decision to affirm. Baker, J., joins.