

Cite as 2017 Ark. 37

# SUPREME COURT OF ARKANSAS

No. CV-16-455

| | |
|---|---|
| GARY DYE AND LINDA DYE, INDIVIDUALLY AND ON BEHALF OF PERSONS SIMILARLY SITUATED<br><br>APPELLANTS<br><br>V.<br><br>DIAMANTE, A PRIVATE MEMBERSHIP GOLF CLUB, LLC<br><br>APPELLEE | Opinion Delivered: February 16, 2017<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CV-12-90]<br><br>HONORABLE GARY ARNOLD, JUDGE<br><br>MANDATE RECALLED IN CASE NO. CV-14-618; CLERK DIRECTED TO AMEND MANDATE TO REFLECT THAT EACH PARTY IS TO BEAR ITS OWN COSTS; CIRCUIT COURT'S ORDER OF APRIL 14, 2016, REVERSED AND DISMISSED. |

**ROBIN F. WYNNE, Associate Justice**

This is an appeal from a posttrial order of the Saline County Circuit Court granting a judgment in the amount of $5,091.05 to appellee Diamante, a Private Membership Golf Club, LLC, based on a mandate from this court awarding appellate costs in an interlocutory appeal. For the reasons set out below, we recall the mandate in case CV-14-618 and direct our clerk to amend the mandate to provide that each party is to bear its own costs in that appeal. Furthermore, because we conclude that the circuit court lacked jurisdiction under Arkansas Rule of Civil Procedure 60 to enter the order from which the Dyes appeal, we reverse and dismiss that order.

SLIP OPINION

In this class action, subdivision property owners, through class representatives Gary and Linda Dye, sought declaratory judgment that certain "tie-in rights" (such as golf club membership and monthly dues) were unenforceable. In May 2015, this court issued an opinion in an interlocutory appeal by Diamante of the circuit court's denial of its motion to compel arbitration with the unnamed class members. *Diamante, LLC v. Dye*, 2015 Ark. 243, 464 S.W.3d 459. In that opinion, this court reversed and remanded case number CV–14-618 as follows:

> In *Bank of the Ozarks v. Walker,* 2014 Ark. 223, 434 S.W.3d 357, we held that before we can consider whether a circuit court's order concerning the grant or denial of a motion to arbitrate on the basis of a contract defense [such as waiver], the order must first expressly find that there was a valid agreement to arbitrate. When no such findings are made, we reverse and remand the case to the circuit court to make those findings. *Id*.; *see GGNSC Holdings, LLC v. Chappel*, 2014 Ark. 545, 453 S.W.3d 645. We therefore reverse and remand this case to the circuit court to rule on whether there was a valid agreement to arbitrate between Diamante and the unnamed class members.

*Diamante, LLC v. Dye*, 2015 Ark. 243, at 8, 464 S.W.3d 459, 464. The mandate issued on June 16, 2015, pursuant to that opinion stated, "It is also ordered that the appellees [the Dyes] shall pay [Diamante] $5,091.05 for costs in the appeal." This assessment of costs was included by the clerk of this court as a routine matter pursuant to Rule 6–7(b) of the Rules of the Supreme Court, which provides that the appellant may recover costs upon reversal. Following the issuance of the mandate, the Dyes filed a motion regarding costs and a motion to recall and amend the mandate, seeking to have this court reconsider the assessment of costs against them; both motions were denied. The present appeal provides an opportunity for us to reconsider those motions.

On remand, in an order entered on September 14, 2015, the circuit court made the required findings[1] and again denied the motion to compel arbitration of unnamed class members. On November 24, 2015, Diamante filed a motion for judgment for costs based on this court's mandate ordering the Dyes to pay Diamante $5,091.05 for costs in the appeal. Attached as exhibits were Diamante's demand letter to the Dyes' counsel, a motion by the Dyes to this court to recall and amend the mandate, and this court's order denying the motion. The Dyes responded, pointing out that Diamante was not the prevailing party on remand and arguing that it would be inequitable to assess costs against the Dyes individually when the interlocutory appeal did not relate to them individually and they responded solely because of their role as class representatives of the unnamed class members. On December 22, 2015, the circuit court denied Diamante's motion for costs. In January 2016, Diamante filed a motion for reconsideration, arguing that the circuit court had no authority to do anything but enforce an appellate court's mandate. Linda Dye[2] filed a response. On March 21, 2016, the Saline County Circuit Clerk issued a writ of garnishment of Linda Dye's funds to the Bank of the Ozarks as garnishee. In an order entered on April 14, 2016, the circuit court granted reconsideration and granted Diamante's motion for judgment for costs of $5,091.05. This appeal followed.

On appeal, Dye argues the following points: (1 & 2) the circuit court erred by failing to recognize that its December 2015 order denying Diamante's motion for judgment for costs had become final under Rule 60 after ninety days and that it lacked jurisdiction to

---

[1] Specifically, the circuit court found that there was no valid arbitration agreement.

[2] Mr. Dye has passed away.

SLIP OPINION

enter the April 2016 order; (3) even if the circuit court did have jurisdiction, it erred by (i) ignoring its own threshold ruling that there was no valid arbitration agreement and (ii) granting appellate costs without applying its threshold ruling and the appellate rules on taxation of costs; and (4) regardless of whether the April 14 order is reversed and vacated, the circuit court erred by permitting writs of garnishment to be issued when there had been no judgment entered.

This appeal presents an unusual situation. While Rule 6-7 of the Rules of the Arkansas Supreme Court does not speak in terms of "prevailing party," it is clear that its intent is to having the prevailing party recover costs of the appeal from the other side. When a case is reversed and remanded for the threshold finding of whether there existed a valid agreement to arbitrate, as happened in this case, the appeal does not present a clear prevailing party; it is distinguishable from a case in which an appellate court determines that an appellant is entitled to a reversal. Dye is correct that Diamante was not a prevailing party in the 2015 interlocutory appeal and should not have been awarded appeal costs. On the other hand, the circuit court is without authority to deviate from this court's mandate. *Dolphin v. Wilson*, 335 Ark. 113, 983 S.W.2d 113 (1998). The mandate is the official notice of action of the appellate court, directed to the court below, advising that court of the action taken by the appellate court, and directing the lower court to have the appellate court's judgment duly recognized, obeyed, and executed. *Ingle v. Ark. Dep't of Human Servs.*, 2014 Ark. 471, at 5–6, 449 S.W.3d 283, 287. Under the mandate rule, "an inferior court has no power or authority to deviate from the mandate issued by an appellate court." *Id.*

Under the specific and unusual circumstances presented, we exercise our discretion to reconsider the Dyes' motions to this court regarding costs awarded in the appellate mandate. We recall the mandate with directions to the clerk of this court to amend it to provide that each party is to bear its own costs in the appeal. Further, we must address the order from which Dye appeals. We hold that the circuit court was without jurisdiction to enter its April 2016 order granting reconsideration and awarding judgment for costs. The trial court loses jurisdiction to set aside or modify an order under Rule 60 if it does not do so within ninety days of the entry of the original order, even though petitioner's motion may have been filed prior to expiration of that period. *Henson v. Wyatt*, 373 Ark. 315, 317, 283 S.W.3d 593, 595 (2008). Here, the circuit court ruled outside of the ninety-day limitation, and no clerical error or other ground for setting aside a judgment was alleged. *See* Ark. R. Civ. P. 60(b), (c). Accordingly, we reverse and dismiss the circuit court's order of April 14, 2016. Our recall and amendment of the mandate clarifies the jurisdictional issues that the parties raise, and we decline to address those arguments further.

Mandate recalled in case no. CV-14-618; clerk directed to amend mandate to reflect that each party is to bear its own costs; circuit court's order of April 14, 2016, reversed and dismissed.

Special Justice DAVID STERLING joins.

GOODSON, J., concurs in part and dissents in part.

WOOD, J., not participating.

**COURTNEY HUDSON GOODSON, Justice, concurring in part and dissenting in part.** I agree with the majority's decision to reverse and dismiss the circuit court's April

14, 2016 order based on a lack of jurisdiction, and I therefore concur with that portion of the opinion. However, I must respectfully dissent from the decision to recall our mandate awarding appellate costs to appellee.

This appeal stems from this court's opinion in case number CV-14-618 reversing and remanding the circuit court's order denying appellee's motion to compel arbitration against unnamed class members. *Diamante, LLC v. Dye*, 2015 Ark. 243, 464 S.W.3d 459. In that opinion, we instructed the circuit court to resolve the threshold issue of whether there was a valid agreement to arbitrate. Our mandate, which was issued on June 16, 2015, awarded $5,091.05 in costs to appellee. Appellants then filed a motion regarding costs, asking this court to reconsider the award, which we denied on July 23, 2015. Appellants also filed a motion to recall and amend the mandate, which we denied on November 5, 2015.

On remand, the circuit court determined that there was no valid agreement to arbitrate and again denied appellee's motion to compel arbitration. Appellee did not appeal that ruling and subsequently attempted to obtain a judgment from the circuit court for the $5,091.05 in appellate costs. Appellee was ultimately successful in obtaining a judgment for the costs over appellants' objection, which led to the present appeal.

As the majority notes, the appellate costs were assessed as a routine matter pursuant to Arkansas Supreme Court Rule 6-7(b), which states that the appellant may recover a set amount of briefing costs and other costs associated with preparing the record and filing the appeal. I agree that appellants should not have been awarded appeal costs under the circumstances in this case, where we reversed and remanded for the circuit court to make a

threshold finding. However, we previously rejected two separate requests by appellants to reconsider our award of costs, including a motion by appellants to recall the mandate. Now, more than one year later, the majority has decided to issue an unsolicited recall of the mandate for costs.

We have repeatedly held that this court will recall a mandate only in extraordinary circumstances. *See, e.g.*, *Wertz v. State*, 2016 Ark. 249, 493 S.W.3d 772; *Ward v. State*, 2015 Ark. 62, 455 S.W.3d 830; *Nooner v. State*, 2014 Ark. 296, 438 S.W.3d 233. Extraordinary circumstances are typically found only in criminal cases, such as those involving the death penalty or a defect in the appellate process, *Wertz*, *supra*, or in cases where a party wishes to file a petition for a writ of certiorari with the United States Supreme Court pursuant to Arkansas Supreme Court Rule 5-3. I submit that this case does not present extraordinary circumstances that justify recalling the mandate, and I am concerned about the dangerous precedent that is being set by the majority. I therefore dissent from that part of the opinion that recalls the mandate.

I further note that, while the majority's decision did not address appellants' argument regarding the writ of garnishment filed on March 21, 2016, any alleged error with respect to that order is not properly before us in this appeal. Appellants' notice of appeal was not timely filed with respect to the writ of garnishment, nor did the notice of appeal designate the writ as an order being appealed. Accordingly, we have no jurisdiction to address appellants' arguments regarding this issue. Ark. R. App. P.–Civ. 4(a).

*James A. Armogida*, for appellant.

*Rose Law Firm, a Professional Association*, by: *Richard T. Donovan* and *Betsy Turner*; and *McMillan, McCorkle & Curry, LLP*, by: *J. Philip McCorkle*, for appellee.