Courtney Hudson Goodson, Justice, concurring in part and dissenting in part. I agree with the majority’s decision to reverse and dismiss the circuit court’s April |fi14, 2016 order based on a lack of jurisdiction, and I therefore concur with that portion of the opinion. However, I must respectfully dissent from the decision to recall our mandate awarding appellate costs to appellee. This appeal stems from this court’s opinion in case number CV-14-618 reversing and remanding the circuit court’s order denying appellee’s motion to compel arbitration against unnamed class members. Diamante, LLC v. Dye, 2015 Ark. 243, 464 S.W.3d 459. In that opinion, we instructed the circuit court to resolve the threshold issue of whether there was a valid agreement to arbitrate. Our mandate, which was issued on June 16, 2015, awarded $5,091.05 in costs to appellee. Appellants then filed a motion regarding costs, asking this court to reconsider the award, which we denied on July 23, 2015. Appellants also filed a motion to recall and amend the mandate, which we denied on November 5, 2015. On remand, the circuit court determined that there was no valid agreement to arbitrate and again denied appellee’s motion to compel arbitration. Appellee did not appeal that ruling and subsequently attempted to obtain a judgment from the circuit court for the $5,091.05 in appellate costs. Appel-lee was ultimately successful in obtaining a judgment for the costs over appellants’ objection, which led to the present appeal. As the majority notes, the appellate costs were assessed as a routine matter pursuant to Arkansas Supreme Court Rule 6 — 7(b), which states that the appellant may recover a set amount of briefing costs and other costs associated with preparing the record and filing the appeal. I agree that appellants should not have been awarded appeal costs under the circumstances in this case, where we reversed and remanded for the circuit court to make a 17threshold finding. However, we previously rejected two separate requests by appellants to reconsider our award of costs, including a motion by appellants to recall the mandate. Now, more than one year later, the majority has decided to issue an unsolicited recall of the mandate for costs. We have repeatedly held that this court will recall a mandate only in extraordinary circumstances. See, e.g., Wertz v. State, 2016 Ark. 249, 493 S.W.3d 772; Ward v. State, 2015 Ark. 62, 455 S.W.3d 830; Nooner v. State, 2014 Ark. 296, 438 S.W.3d 233. Extraordinary circumstances are typically found only in criminal cases, such as those involving the death penalty or a defect in the appellate process, Wertz, supra, or in cases where a party wishes to file a petition for a writ of certiorari with the United States Supreme Court pursuant to Arkansas Supreme Court Rule 5-3. I submit that this case does not present extraordinary circumstances that justify recalling the mandate, and I am concerned about the dangerous precedent that is being set by the majority. I therefore dissent from that part of the opinion that recalls the mandate. I further note that, while the majority’s decision did not address appellants’ argument regarding the writ of garnishment filed on March 21, 2016, any alleged error with respect to that order is not properly before us in this appeal. Appellants’ notice of appeal was not timely filed with respect to the writ of garnishment, nor did the notice of appeal designate the writ as an order being appealed. Accordingly, we have no jurisdiction to address appellants’ arguments regarding this issue. Ark. R. App. P,-Civ. 4(a).