Cite as 2021 Ark. 53

# SUPREME COURT OF ARKANSAS
No. CR-11-331

| | |
|---|---|
| RICKY R. ANDERSON<br><br>PETITIONER<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>RESPONDENT | Opinion Delivered: March 11, 2021<br><br>MOTION TO RECALL THE MANDATE, PETITION FOR WRIT OF HABEAS CORPUS, AND MOTION FOR JOINDER OF CLAIMS [WASHINGTON COUNTY CIRCUIT COURT, NO. 72CR-09-1230A]<br><br>MOTION TO RECALL THE MANDATE, PETITION FOR WRIT OF HABEAS CORPUS, AND MOTION FOR JOINDER OF CLAIMS DENIED. |

**JOHN DAN KEMP, Chief Justice**

Petitioner Ricky R. Anderson brings a pro se motion to recall the mandate issued by this court on direct appeal, a petition for a writ of habeas corpus, and a motion for joinder of claims. Anderson has failed to demonstrate entitlement to a recall of the mandate issued in his criminal case, and the petition for writ of habeas corpus must be addressed to the circuit court in the county where he is incarcerated; therefore, we deny the motion to recall the mandate and the petition for habeas relief. We also deny Anderson's motion for joinder of claims.

## I. *Facts*

A jury convicted Anderson of capital murder and sentenced him to a term of life imprisonment. We affirmed. *Anderson v. State*, 2011 Ark. 461, 385 S.W.3d 214. The evidence adduced at Anderson's trial demonstrated that Anderson assaulted his ex-girlfriend with a knife and that police were called to the scene. *Id.* at 2, 385 S.W.3d at 217. The officers heard screams inside an apartment but were unable to break into the apartment. They looked through a window and observed Anderson behind a couch, raising a knife and bringing it down forcibly on the victim, who was on the floor behind the couch and could not be seen by the officers. In an attempt to stop the assault, the officers fired shots toward the couch, one of which struck the victim in the head. *Id.* at 3, 385 S.W.3d at 217. The autopsy report indicated that the victim had sustained twenty-seven stab wounds, one of which was a cut to the common iliac artery. *Id.* at 4, 385 S.W.3d at 218. The medical examiner testified that the victim would survive less than five minutes after sustaining such a wound. *Id.*, 385 S.W.3d at 218. Anderson argued on appeal that the immediate cause of the victim's death was the bullet fired by one of the police officers. We rejected this argument and affirmed the circuit court's denial of Anderson's motion for directed verdict. *Id.* at 6, 385 S.W.3d at 219.

Anderson subsequently filed a petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2014), alleged ineffective assistance of counsel, and challenged the sufficiency of the evidence supporting his conviction and sentence. The circuit court held a hearing and denied Anderson's postconviction petition. We affirmed

and concluded that Anderson failed to demonstrate that he had been prejudiced by his trial counsel's alleged errors. *Anderson v. State*, 2015 Ark. 18, 454 S.W.3d 212.

## II. *Grounds for Relief*

Although Anderson's arguments in support of his motion to recall the mandate are difficult to decipher, he appears to challenge the sufficiency of the evidence that he caused the victim's death and again insists that the police caused her death. Anderson further contends that his conviction was not supported by forensic evidence of fingerprints or DNA, that the conviction violated his right to due process, and that trial counsel was ineffective and conspired with the prosecutor to deny him a fair trial by withholding exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). However, Anderson does not specify what evidence was withheld by his trial counsel, who he claimed allegedly acted in concert with the prosecutor.

## III. *Motion to Recall Mandate*

Our standard to recall a mandate is set forth in *Nooner v. State*, 2014 Ark. 296, 438 S.W.3d 233, and that standard indicates that the three-factor test set out in *Robbins v. State*, 353 Ark. 556, 114 S.W.3d 217 (2003), remains relevant. The three *Robbins* factors for recalling a mandate are as follows: (1) the presence of a defect in the appellate process, (2) a dismissal of proceedings in federal court because of unexhausted state-court claims, and (3) the appeal was a death case that required heightened scrutiny. *Lee v. State*, 367 Ark. 84, 88, 238 S.W.3d 52, 55 (2006). This court will recall the mandate and reopen a case only in extraordinary circumstances that may be established through consideration of these three

3

factors. *Ward v. State*, 2015 Ark. 62, at 2, 455 S.W.3d 830, 832. These factors are not necessarily to be strictly applied but serve as a guide in determining whether to recall a mandate. *Id.*, 455 S.W.3d at 832. The inherent power of an appellate court to recall its mandate should therefore be used sparingly as a last resort and is to be held in reserve against grave, unforeseen contingencies. *Nooner*, 2014 Ark. 296, at 9, 438 S.W.3d at 240.

In this instance, Anderson does not meet the criteria set forth in *Robbins* to establish extraordinary circumstances sufficient to recall the mandate, most notably because the death penalty was not imposed, which invokes a heightened scrutiny. *Turner v. State*, 2012 Ark. 357, at 8-9 (per curiam). A motion to recall the mandate is applicable to redress errors that this court made or overlooked while reviewing a case in which the death penalty was imposed. *Ward*, 2015 Ark. 61, at 4, 455 S.W.3d at 821. Anderson was not sentenced to death. Furthermore, Anderson has not shown that this court overlooked an error during the appellate process that would have prejudiced the outcome of his case, nor has he shown that a federal habeas claim was dismissed due to unexhausted state claims. Anderson simply reasserts allegations made in his direct appeal with regard to the sufficiency of the evidence and the cause of the victim's death that were raised and rejected by this court. *Anderson*, 2011 Ark. 461, 385 S.W.3d 214. Anderson also reargues allegations of ineffective assistance of counsel and the absence of forensic evidence that were raised and rejected in Anderson's claims for postconviction relief pursuant to Rule 37.1. *Anderson*, 2015 Ark. 18, 454 S.W.3d 212. Thus, Anderson's *Brady* claim is without factual support and is not cognizable in a motion to recall the mandate.

IV. *Petition for Writ of Habeas Corpus*

Anderson has also raised a claim for the issuance of a writ of habeas corpus. This court's long-standing policy has been to require incarcerated petitioners to address their habeas petitions to the circuit court in the county where they are incarcerated because the circuit court is able to immediately hold a hearing that is necessary to determine any material facts in issue. *Mitchael v. State*, 2020 Ark. 336, at 2. Consequently, Anderson must first file his petition for a writ of habeas corpus in the circuit court, and he may appeal any adverse decision to this court. *Id.*

V. *Motion for Joinder of Claims*

Although Anderson also makes a motion for joinder of claims, his arguments do not address the motion. In sum, Anderson has failed to demonstrate entitlement to the relief he seeks in the form of a motion to recall the mandate and a petition for the issuance of a writ of habeas corpus.

Motion to recall the mandate, petition for writ of habeas corpus, and motion for joinder of claims denied.

WEBB, J., concurs.

**BARBARA W. WEBB, Justice, concurring.** I agree that Mr. Anderson is not entitled to the relief he seeks from this court. I write separately because I disagree that our law prescribes a simple "three-factor test" that we must apply before recalling the mandate.

As the majority correctly notes, this remedy lies in the "inherent power of an appellate court" to address extraordinary circumstances. *Ward v. State*, 2015 Ark. 62, 455 S.W.3d 830.

However, it is not strictly reserved for death-penalty cases. *See Dye v. Diamante*, 2017 Ark. 37, 509 S.W.3d 643. While recalling the mandate has historically been used sparingly, it is not accurate to say that our deliberations with regard to that remedy depend on the application of the above-referenced "test." *Id.* Rather, the decisions in which we have chosen to recall our mandate should guide us in the way that our prior decisions guide us in every case under the doctrine of stare decisis. To wit, cases that present the same or similar factual predicates should yield the same result.

In my view, Mr. Anderson's case is very much like *Nooner v. State*, 2014 Ark. 296, 438 S.W.3d 233. Through direct appeal and various postconviction proceedings, both Mr. Anderson and Mr. Nooner received a full and fair hearing from this court that resulted in their convictions being upheld.

Our polestar must necessarily be justice, and on the record before us, Mr. Anderson has not demonstrated a single misstep in the appellate process that would require us to reopen his appeal. Accordingly, I join this court's decision not to recall the mandate.

I concur.

*Ricky R. Anderson*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Sr. Ass't Att'y Gen., for respondent.