Cite as 2025 Ark. 16

# SUPREME COURT OF ARKANSAS
No. CV-24-611

| | |
|---|---|
| DONNELL BAUER AND MARILYN BAUER<br><br>APPELLANTS<br><br>V.<br><br>JESSE LEE BEAMON, JR. AND MARY A. BEAMON, INDIVIDUALLY AND AS TRUSTEES OF THE JESSE LEE BEAMON JR. AND MARY A. BEAMON FAMILY TRUST DATED 13TH OCTOBER 2015; AND THE JESSE LEE BEAMON JR. AND MARY A. BEAMON FAMILY TRUST DATED 13TH OCTOBER 2015<br><br>APPELLEES | **Opinion Delivered:** March 6, 2025<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CV-17-549]<br><br>HONORABLE MICHAEL MEDLOCK, JUDGE<br><br>REVERSED AND REMANDED. |

**CODY HILAND, Associate Justice**

The Bauers appeal from an order of the Crawford County Circuit Court concluding it lacked jurisdiction to proceed with any relief requested in their two motions: (1) "Motion for an Award of Attorney's Fees and Costs," and (2) Motion to Set Aside/Vacate and to Stay Enforcement of Judgment for Attorney's Fees and Costs." We have jurisdiction pursuant to Arkansas Supreme Court Rule 1–2(a)(7), as this is a subsequent appeal following our decision in *Bauer v. Beamon*, 2023 Ark. 194, 678 S.W.3d 782. Because we hold that the circuit court erred in its conclusions of law, we reverse and remand.

## I. *Factual Background*

Given the lengthy procedural history of this case, we recite only the facts relevant to the disposition of this appeal. This matter initially arose from a 2016 real estate transaction in which the Bauers sold residential property in Crawford County to the Beamons. The Beamons' complaint included two claims under the theory of fraud and deceit—the first sought legal, monetary damages; and the second sought equitable recission of the contract. Before trial, the Beamons elected the remedies associated with their equitable claim, thus prompting the circuit court to hold a bench trial rather than a jury trial. Ultimately, the circuit court rejected the recission claim, but concluded the Beamons were entitled to damages for "breach of contract." The Beamons subsequently moved for attorney's fees, which the court granted. The Bauers appealed and argued, in part, that the circuit court erred by awarding both damages on a breach-of-contract claim and attorney's fees. The Beamons cross-appealed and argued the circuit court erred by denying their request for recission of the contract.

After taking the case on petition for review, we reversed on direct appeal, affirmed on cross-appeal, and vacated the court of appeals' opinion.[1] Specifically, we held on direct appeal that the circuit court erroneously awarded damages for "breach of the contract" when the Beamons neither pleaded breach of contract nor amended their complaint to add such a claim. On cross-appeal, we affirmed the circuit court's dismissal of the Beamons' recission

---

[1]*See Bauer v. Beamon*, 2023 Ark. 194, 678 S.W.3d 782 (vacating 2023 Ark. App. 111, 663 S.W.3d 338).

2

claim because "we [could not] say that the circuit court clearly erred in finding the Beamons waived their right to recission." Finally, we noted that we lacked jurisdiction to review the Beamons' award of attorney's fees because the Bauers failed to file an amended notice of appeal.[2]

After our mandate issued, the Beamons made demand for payment of their attorney's-fee judgment. Following that demand, the Bauers filed (1) a motion for their own attorney's fees and (2) a motion to set aside and to stay enforcement of the Beamons' attorney's-fee judgment. The Bauers argue, in part, that because the judgment against them was reversed on appeal, they are now the prevailing party on all issues and are entitled to attorney's fees, while the Beamons' attorney's-fee judgment against them should be set aside. Shortly thereafter, the circuit court entered an order granting a stay of proceedings to enforce the Beamons' attorney's-fee judgment pending the disposition of the motions. However, before the court considered the Bauers' motions, the Beamons filed a petition for writ of prohibition directly with this court, which we summarily denied.[3] On June 24, 2024, after a hearing on all pending matters, the circuit court issued an order stating, "[T]he circuit court does not have jurisdiction to proceed with any relief in this matter. The Order Granting Stay of Proceedings is hereby cancelled and set aside." From that order, the Bauers timely appealed.

---

[2]*Id.*

[3]*See Beamon v. Bauer,* No. CV-24-60 (Ark. Mar. 7, 2024) (order denying petitioners' petition for writ of prohibition).

3

II. *Legal Analysis*

The single issue on appeal is whether the circuit court erred by concluding it lacked jurisdiction to consider the Bauers' motions. Our analysis is based solely on whether the mandate issued by this court in *Bauer v. Beamon*, 2023 Ark. 194, 678 S.W.3d 782, foreclosed the circuit court from proceeding with any relief.

The mandate is the official notice by the appellate court, directed to the court below, advising that court of the action taken by the appellate court, and directing the lower court to duly recognize, obey, and execute the appellate court's judgment. *Dye v. Diamante*, 2017 Ark. 37, 509 S.W.3d 643. Under the mandate rule, a circuit court has no power or authority to deviate from the mandate issued by an appellate court. *Id.* Accordingly, a lower court is bound by the judgment or decree of a higher court as law of the case and must carry the decision of the higher court into execution pursuant to the mandate. *Ingle v. Ark. Dep't of Hum. Servs.*, 2014 Ark. 471, 449 S.W.3d 283.

The lower court may not vary the decision or judicially examine it for any purpose other than execution. *Id.* The lower court's jurisdiction is limited to that which is conferred by the appellate court mandate. *Wal-Mart Stores, Inc. v. Regions Bank Tr. Dep't*, 356 Ark. 494, 156 S.W.3d 249 (2004). The law-of-the-case doctrine prohibits a court from reconsidering issues of law and fact that have already been decided on appeal. *Id.*

Here, there was no remand after the first appeal. Instead, this court reversed the judgment for damages and concluded that we lacked jurisdiction to consider the award of attorney's fees granted to the Beamons. The new motions filed by the Bauers were not

decided or discussed in the earlier appeal—namely, because the facts giving rise to the motions emerged only after this court issued its opinion. Instead, the Bauers presented two *new* issues in their motions: (1) whether the Bauers are now entitled to attorney's fees as the prevailing party as a result of our reversal and (2) whether the Beamons' attorney's-fee judgment should be set aside under Arkansas Rule of Civil Procedure 60(c)(4) for fraud.

Regarding issue one, the Bauers' motion for their own attorney's fees: matters that are collateral or supplemental to the circuit court's judgment are left within the circuit court's jurisdiction even though an appeal has been docketed. *Alexander v. First Nat'l Bank of Fort Smith*, 278 Ark. 406, 646 S.W.2d 684 (1983). We have consistently held that the award of attorney's fees is a collateral matter. *Harold Ives Trucking Co. v. Pro Transp., Inc.*, 341 Ark. 735, 737, 19 S.W.3d 600, 602 (2000).

As to issue two, the Bauers' motion to set aside the Beamons attorney's-fee judgment for fraud: "[T]he court in which a judgment . . . has been rendered or order made shall have the power, after the expiration of ninety (90) days of the filing of said judgment with the clerk of the court, to vacate or modify such judgment or order . . . for misrepresentation or fraud . . . by an adverse party." Ark. R. Civ. P. 60(c)(4). The law-of-the-case doctrine does not prohibit the circuit court from taking any action pursuant to Rule 60(c)(4). *See Davis v. Davis*, 291 Ark. 473, 477, 725 S.W.2d 845 (1987) (holding the circuit court had jurisdiction to set aside judgment for fraud after mandate of appellate court had been returned).

Since our mandate did not address either of these two issues, both motions were properly within the circuit court's jurisdiction, even without a specific remand from this court. The mandate did not foreclose a ruling on a new motion for attorney's fees—a

5

collateral matter—and certainly did not foreclose a ruling on a Rule 60(c) motion to set aside a judgment that can be heard at any time. Consequently, because the circuit court erred in its determination that it lacked jurisdiction, we reverse and remand for the circuit court to rule on the merits of both motions filed by the Bauers.

Reversed and remanded.

*Kenneth W. Cowan, PLC*, by: *Kenneth W. Cowan*, for appellant.

*Daily & Woods, PLLC*, by: *Jerry L. Canfield*, for appellees.